5 How. 30-DISAPPROVED, 1 Daly 452. See 6 How. 413.

## SUPREME COURT.

### KING agt. STAFFORD & MAXWELL.

The decision of a motion, granting judgment on the ground of the frivolousness of the demurrer under § 247 of the Code, and allowing the defendant time to answer, is not an order, but a *judgment* (*See Bentley agt. Jones*, 4 *How. Pr. R.* 335). An appeal from such a decision must therefore be taken as an appeal from a judgment—not from an order.

In an action upon a promissory note, where judgment is given for the plaintiff on the ground of the frivolousness of the defendant's demurrer, the defendant is entitled to *notice of assessment of damages*, before the clerk. The provisions of the Revised Statutes (2 *R. S.*, 356, § 1, 3 and 4), in relation to assessment of damages in such a case, are not repealed and are not necessarily inconsistent with the Code. If not, they remain in force (*Code*, § 468.)

*Schenectady Special Term, July* 1850. The defendants demurred to the complaint. The plaintiff applied to Justice WILLARD, out of court, for judgment on the ground of the frivolousness of the demurrer, under section 247 of the Code. The Justice granted the motion, but gave the defendants ten days to answer the complaint. The order of the Justice granting the motion,

King agt. Stafford and Maxwell.

gave no specific direction that judgment be entered. The defendants regarding the order granting the motion, as an appealable order, appealed to the general term under § 349 of the Code, and gave the security required by § 334 of the Code, except, omitting therein, an undertaking to pay damages. The plaintiff regarding the appeal as a nullity, after the lapse of ten days filed with the clerk an affidavit stating the order made by Justice WILLARD, that more than ten days had elapsed and no answer had been put in by the defendants, &c., and caused a final judgment to be entered for the sum claimed in the complaint—notice of the adjustment of the costs by the clerk was served on the defendant's attorney—the clerk assessed the damages on the note on which the action was founded. But no notice of assessment of damages was served on the attorney of the defendants. The defendants now move to set aside the judgment for irregularity.

W. A. BEACH, *for Defendants.*

CHARLES S. LESTER, *for Plaintiff.*

PAIGE, Justice.—The first question raised on the motion, whether the decision of Judge WILLARD granting the motion for judgment on the ground of the frivolousness of the demurrer, was an appealable order under § 349 of the Code, has been considered and passed upon by the Supreme Court of the third district. That court decided that the decision of a demurrer was not an order, but a judgment and that an appeal from it as an order could not be made (4 *How. Pr. R.* 335; Bentley vs. Jones, per PARKER, Justice). In that case Justice PARKER held that the argument of a demurrer was a trial. And he took the distinction, that an order was the decision of a motion, and a judgment the decision of a trial (*Code, sections* 400, 245, 252, 255, 251). A like decision was made at the last general term of the Supreme Court of this district, on a motion to dismiss the appeal brought in this suit. The court on that motion decided that the decision of Justice WILLARD was not an order but a judgment, and dismissed the appeal. The decision of Justice WILLARD was regarded as the

final action of the court. It was the determination of an issue of law, and was in effect a judgment. The application for judgment was a summary trial of an issue of law. It was also decided on the motion to dismiss the appeal in this action, that the leave given to put in an answer did not make the decision an order. The decision of Justice WILLARD does not come within the definition of an order (*Code*, § 400). For it was in effect a direction to enter a judgment, and would necessarily be included in the judgment. The defendants therefore, to obtain a review of the decision of Justice WILLARD, must appeal from the judgment to be entered on such decision.

The other question raised on this motion, is, whether the plaintiff should have served a notice of the assessment of damages on the defendants' attorney.

The Revised Statutes (2 *R. S.* 356, § 1, 3, 4), provide, that if in an action on a promissory note, interlocutory judgment be rendered for the plaintiff, upon demurrer, the court shall direct the clerk to assess the damages; and if the defendant has appeared in the cause, notice of assessment must be served upon his attorney (*Gra. Pr.* 290). The first subdivision of section 246 of the Code declares, in cases of a failure of the defendant to answer the complaint, that, if the complaint be not sworn to, and the action is on an instrument for the payment of money only, the clerk must assess the amount due the plaintiff, and enter judgment for the sum so assessed; and if the defendant has given notice of appearance, he shall be entitled to five days notice of the assessment. Section 269 of the Code declares, that, on a judgment for the plaintiff upon an issue of law, the plaintiff may proceed in the same manner prescribed by § 246 in cases where the summons, or summons and complaint are personally served and the complaint sworn to, upon the failure of the defendant to answer. The manner prescribed in such cases by § 246, is, for the plaintiff to file with the clerk, proof of the personal service of the summons and complaint on the defendant and that no answer has been received, and the clerk then to enter judgment for the amount mentioned in the summons. This, the plaintiff did not

do; and it certainly would seem to be a very idle ceremony, to file with the clerk proof of the personal service of the summons and complaint in a suit where the defendant has appeared and put in a demurrer; although this seems to be required by section 269, in all cases where a judgment is given for the plaintiff on an issue of law. An assessment of damages by the clerk in such cases, would be a proceeding decidedly more proper. In many cases, as where there are endorsements on the note, an assessment by the clerk would be necessary to prevent injustice to the defendant. I do not think that the provisions of the Revised Statutes in relation to assessment of damages in an action on a promissory note, where judgment is given for the plaintiff on demurrer, are necessarily inconsistent with the Code. If they are not, they remain in force (*Code,* § 468). Section 247 of the Code, which declares that where an application for judgment on the ground of the frivolousness of a demurrer, is granted, judgment may be given accordingly, does not necessarily require judgment to be immediately entered by the clerk on the decision of the judge for the sum mentioned in the complaint, without any assessment of damages, or proof as to the amount due to the plaintiff. This would work gross injustice, especially in cases where the action was in tort, or on contract for unliquidated damages. The idea that judgment is to be immediately entered in such cases for the amount claimed, is negated by § 269. By that section, if judgment is for the defendant upon an issue of law, a reference is to be ordered, or writ of inquiry issued, wherever the taking of an account or proof of any fact is necessary to enable the court to complete the judgment. A reference or writ of inquiry is equally necessary in like cases, where judgment is for the plaintiff on an issue of law, although no provision is expressly made for either in the code. Section 269, adopting the meaning conveyed by a literal reading, requires only, where judgment is for the plaintiff on an issue of law, that proof of personal service of the summons and complaint on the defendant and that no answer has been received, should be filed with the clerk before the entry of judgment. And this would seem to be all that is required by that

section, in any case, where judgment is for the plaintiff, although the action be in tort or on contract for unliquidated damages, and although the complaint is not sworn to. This is wholly incongruous with the proceedings to obtain judgment on a failure of the defendant to answer (*Code*, § 246). Where a demurrer of the defendant to the complaint is overruled, there is a failure to answer, and the like proceedings ought to be had as in cases where the defendant neglects to put in either an answer or demurrer to the complaint. In the present case the complaint is not sworn to. And in such a case, the Code, where the defendant fails to answer, requires an assessment by the clerk before judgment can be entered (*Code*, § 246). According to the old practice, the proceedings in case of judgment for the plaintiff upon demurrer, were the same as in case of judgment by default (*Gra. Pr.* 261, 285, 2*d ed*). It can not be in accordance with the general intent of the Code, or the intention of the legislature, that in all cases of judgment for the plaintiff on demurrer, judgment should at once be entered by the clerk for the amount mentioned in the complaint, without any proof being taken by the court or an assessment by the clerk or a jury, or without a reference to enable the court to complete the judgment.

I shall therefore hold that, as in this case, the defendants have appeared in the action, their attorney was entitled to notice of the assessment of damages, or of the amount due the plaintiff, by the clerk. And as such notice was not given by the plaintiff, the judgment was irregularly entered. The plaintiff did not even proceed as required by section 269. He did not file with the clerk proof of the personal service of the summons and complaint, before the entry of the judgment. The judgment entered by the plaintiff in this action must therefore be set aside for irregularity. But as the questions arising under the Code, involved in the motion, are new and doubtful, I shall grant the motion of the defendants, without costs to either party.