[No. 13540.    In Bank. — September 16, 1890.]

## IN THE MATTER OF THE ESTATE OF JAMES MOORE, DECEASED.

APPEAL — PROBATE PROCEEDINGS — APPEALABLE ORDERS. — Appeals can only be taken from such judgments or orders in probate proceedings as are mentioned in section 963 of the Code of Civil Procedure.

ID. — ORDER VACATING ORDER SUBSTITUTING A TRUSTEE. — Where a testator appointed his widow trustee of his estate, and in case of her death, before certain other trustees, named in the will, became of age, then the trust to devolve upon his son, and the widow voluntarily renounced her trust in court and consented to the appointment by the court of her son as trustee, and upon application of the widow and a minor trustee, such order is vacated, no appeal will lie from the order vacating the order of substitution, such order not being one of those enumerated in section 963 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Yolo County vacating an order of substitution of a trustee of an estate.

The facts are stated in the opinion of the court.

*Baker & Grant,* and *Grove L. Johnson,* for Appellants.

*E. R. Bush,* and *C. W. Thomas,* for Respondents.

WORKS, J. — The decedent left a will by which he disposed of a certain water ditch and lands connected therewith, and, among other things, provided in his will that his wife should have the management of the ditch and lands in trust during her life, and that in case of her death, before certain other trustees, grandchildren of his, named in the will as trustees, should arrive at full age,

the management of the ditch should devolve upon his son, also named in the will. The widow came into the court below, in which the settlement of the estate was pending, and voluntarily renounced her management of the property, and consented to the appointment by the court of the son to such management. All of the parties interested in the property appeared and consented to this order substituting the son as manager of the ditch, except the minor trustees, whose right to act as such, and who, upon becoming entitled to act as such trustees, would have but a naked legal title to the property, to hold and manage the same for the benefit of others. These minor trustees were not notified of the pendency of the application for this order, nor did they appear either in person or by guardian when the order was made. Subsequently the court below set aside and vacated the above-mentioned order on the application of the widow and one of the minor trustees. Proper notice of the motion to vacate the former order was given, and the motion was made and granted on the ground that the court had no jurisdiction to make the same.

This appeal is from the order vacating the former order. The respondent contends that the order appealed from is not an appealable order, and that therefore the appeal should be dismissed. We think this point is well taken. Appeals can only be taken from such judgments or orders in probate proceedings as are mentioned in section 963 of the Code of Civil Procedure, and the order appealed from in this case is not one of the number. (Const. Cal., art. 6, sec. 4; *Estate of Calahan*, 60 Cal. 232; *Estate of Dean*, 62 Cal. 613.)

Appeal dismissed.

Beatty, C. J., Paterson, J., McFarland, J., Fox, J., Sharpstein, J., and Thornton, J., concurred.