[15198. Department One. — July 11, 1893.]

## IN THE MATTER OF THE ESTATE OF JOHN B. SMITH, DECEASED.

ESTATES OF DECEDENTS — REFUSAL TO ADMIT WILL TO PROBATE — FINAL JUDGMENT — AMENDMENT OF NEW-TRIAL STATEMENT — NON-APPEALABLE ORDER. — — A judgment refusing to admit a will to probate is not a final judgment within the meaning of the first or second subdivision of section 963 of the Code of Civil Procedure, and an order subsequent thereto, permitting the amendment of a statement on motion for a new trial, is not a "special order made after final judgment," from which an appeal is allowed.

ID. — CONSTRUCTION OF CODE — MEANING OF "FINAL JUDGMENT." — The term "final judgment," as used in the first subdivision of section 963 of the Code of Civil Procedure, means only those judgments known at common law as final judgments, which put an end to an action or special proceeding, and does not apply to the statutory determinations termed "orders or judgments" defined in the third subdivision of such section, which includes all appealable judgments and orders made in probate proceedings.

APPEAL — ORDER GRANTING NEW TRIAL — CONFLICT OF EVIDENCE. — An order granting a new trial will not be disturbed upon appeal where there is a substantial conflict in the evidence.

APPEAL from an order of the Superior Court of Sonoma County, granting a new trial, and from an order amending a statement on motion for a new trial.

The facts are stated in the opinion.

*James W. Oates, Emmett Seawell,* and *J. P. Rodgers,* for Appellant.

*Lippitt & Lippitt,* and *A. B. Ware,* for Respondent.

SEARLS, C. — This was a contest in the court below over the probate of the alleged will of John B. Smith. The contest was inaugurated by Harry R. Smith and Allie W. Plumb, son and daughter of deceased, upon the grounds: —

1. That at the date of the execution of the will (December 28, 1878) said testator was not of sound and disposing mind and memory.

There were other objections to the will, but the evidence was confined to the one above stated, upon which the contest was determined; hence the others are unimportant here.

Upon the objection stated, the following issue or question was submitted to the jury: "Was John B. Smith of sound and disposing mind and memory when he made the proposed will, to wit, on December 28, 1878?" To this the jury returned for answer, "No."

A decree was entered January 27, 1892 (the day the verdict was filed), adjudicating that said John B. Smith, at the date of the execution of the will (December 28, 1878), was not of sound and disposing mind and memory; and refusing to admit the alleged will to probate. Octavia Susie Smith, the proponent, in due time gave notice of a motion for a new trial, upon the grounds: 1. Insufficiency of the evidence to justify the verdict. 2. Errors of law occurring at the trial, and excepted to by the proponents of the will.

A statement in support of the motion was settled and allowed by the judge, and filed June 13, 1892, and on the twenty-fourth day of June following, the motion for a new trial was argued and taken under advisement by the court. On the ninth day of July thereafter, the attorneys for proponent gave notice of a motion to amend the specifications of error and insufficiency of the evidence in their statement on motion in important particulars, whereupon, on motion, the court set aside the order of submission of the motion for a new trial, and on the twenty-fifth day of July, 1892, granted the motion to amend the specifications, against numerous objections on the part of . plaintiffs (contestants), among which objections were: 1. That no affidavit or evidence of mistake, inadvertence, surprise, excusable neglect, or fraud was furnished to the court. 2. Because it was not proposed to set aside the certificate of the judge settling the

statement. 3. Because the statement had been settled by the judge, and there was no motion to set aside or cancel the same. 4. Because the several proposed amendments raise new questions not raised by the original specifications.

The action of the court in the several steps was objected to in ample form, and the rulings duly excepted to. The motion for a new trial was again submitted under the statement as amended, and a new trial was granted. This appeal is from the order granting a new trial, and from the order amending the statement on motion for a new trial. Virtually there are two appeals, one from the order amending the statement, the other from the order granting a new trial.

The first question presented is as to the right of appeal from the order amending the statement. Counsel for appellants contend that the appeal is properly taken from both orders under subdivision 2 of section 963 of the Code of Civil Procedure. The subdivision of section 963 referred to provides for an appeal from various enumerated orders, among which are "from an order granting or refusing a new trial," and "from any special order made after final judgment." It is urged that the judgment refusing to admit the will to probate is a final judgment within the purview of the code, and as the order permitting the amendment to the statement was subsequent thereto in point of time, it is "a special order made after final judgment," and hence appealable.

In *Estate of Calahan*, 60 Cal. 232, which was an appeal from an order of the superior court vacating a decree of distribution and settlement of the final account of the executor, this court in determining whether or not the order was appealable, held that the orders in probate proceedings, from which an appeal would lie, were only those enumerated in the third subdivision of section 963 of the Code of Civil Procedure, and in referring to the provision in subdivision 2 of the section, which gives an appeal from "a special order made after final judgment," said: "But we think that the final judgment there referred to is the one mentioned in subdivision 1, viz., a final judgment in an action or special proceeding commenced in a superior court, or brought into a superior court from another court. It seems to us quite clear that the appealable judgments and orders made

in probate proceedings are all enumerated in subdivision 3, and as this order is not therein mentioned, it is not an appealable order."

*In re Walkerly*, 94 Cal. 352, the court through McFarland, J., said: "The *general rule* is well established that appeals can only be taken from such judgments or orders in probate proceedings as are mentioned in subdivision 3 of section 963 of the Code of Civil Procedure." The court further added as follows: "And that the order here appealed from is not a 'special order made after final judgment,' within the meaning of the second subdivision of said section 963, is also settled by the authorities first above cited. (*Estate of Dean*, 62 Cal. 613; *In re Moore*, 86 Cal. 58; *In re Wiard*, 83 Cal. 619; *Estate of Calahan*, 60 Cal. 232.) If it were otherwise, the third subdivision of said section could be entirely disregarded by simply assuming that a probate order not therein mentioned was a final judgment, and that an order refusing to vacate it was a "special order made after final judgment."

*In re Bauquier*, 88 Cal. 302, this court held that "the provision in subdivision 2 of section 963 of the Code of Civil Procedure, which authorizes an appeal to be taken to the supreme court 'from an order granting or refusing a new trial,' embraces all such orders, whether made in probate proceedings or in civil actions." The reasons for the opinion are given therein, and need not be repeated here.

The later case of *In re Walkerly*, 94 Cal. 352, plainly indicates an intention, in cases like the present, to adhere to the former rulings of this court upon the subject of appeals from probate proceedings by confining such appeals to the cases enumerated in the third subdivision of section 963, except as clearly provided for by other sections of the code.

The statutory proceedings provided for in probate matters lead up to numerous independent decisions, some of which possess most, if not all, the essential requisites of a judgment. The question is, Are they such final judgments as are contemplated by the code when it gives an appeal from a special order made after final judgment? A judgment is the final determination of the rights of the parties in an action or proceeding. (Code Civ. Proc., sec. 577.) "Every direction of a court or

judge made or entered in writing, and not included in a judgment, is denominated an order." (Code Civ. Proc., sec. 1003.) The supreme court in *Loring* v. *Illsley*, 1 Cal. 27, in discussing the distinction between an order and a final judgment, said: "The former (an order) is a decision made during the progress of the cause, either prior or subsequent to final judgment, settling some point of practice or some question collateral to the main issue presented by the proceedings, and necessary to be disposed of before such issue can be passed upon by the court, or necessary to be determined in carrying the execution into effect."

In *Gilman* v. *Contra Costa Co.*, 8 Cal. 57; 68 Am. Dec. 290, it was said: "An order is the judgment or conclusion of the court upon any motion or proceeding. It means cases where a court or judge grants affirmative relief, and cases where affirmative relief is denied." Every order of a court or judge is in one sense a judgment. In New York it was held that a decision upon a demurrer was a judgment (*King* v. *Stafford*, 5 How. Pr. 30); but it is not a judgment from which an appeal can be taken. (*Elwell* v. *Johnson*, 74 N. Y. 80.)

The term "final judgment," from which an appeal can be taken under the first subdivision of section 963 of the Code of Civil Procedure, evidently means the ultimate or last judgment which puts an end to the suit or proceeding. In *Metcalf's Case*, 11 Coke, 68, "it was resolved that no writ of error lies till the last judgment." Lord Ellenborough declared in *Samuels* v. *Judin*, 6 East, 333: "Error can only be brought on final judgment."

If the term "final judgment," as used in the first subdivision of section 963, applies to "a judgment or order admitting or refusing to admit a will to probate," then an appeal would lie to this court therefrom, under such first subdivision, and the provision in the third subdivision would be surplusage. We think the term "final judgment," as used in the section under consideration, applies only to those judgments known at common law as final judgments, and that as to the statutory determinations termed "orders or judgments," defined in the third subdivision, the term "final judgment" does not apply; hence, the right to appeal is expressly given from certain of such "orders or judgments."

: As they are not final judgments, a special order made subsequent to their entry is not appealable, for the right to appeal from the special orders is only given in case of those made after final judgment.

The appeal from the order permitting the amendment of the statement, not being an appealable order, should be dismissed.

Upon a careful survey of the whole testimony embodied in the statement on motion for a new trial, it cannot be said there was an abuse of discretion by the court below in granting the motion for a new trial. Much of the evidence upon which the theory of insanity was based related to a period ranging from fifteen to eighteen years prior to the execution of the will, and was not conclusive in character, being a relation of facts and a description of conduct which might result either from a disordered mind or from uncontrolled passion. That subsequent to that time and for a period of many years, he was a prudent, careful, shrewd man of business, accumulating property and managing it with discretion, is abundantly proven. That he was a man of objectionable personal habits is apparent. Perhaps the court below was of opinion that evidence uncontradicted, of capacity to accumulate property, to purchase, hold, sell, and convey with acumen, was evidence of capacity to convey to take effect after death, which is all there is of a will. Perhaps there was something in the attitude or appearance of the witnesses for contestant, or in their manner of testifying, that led the court, in the exercise of a wise discretion, to conclude that the matters in issue should again undergo investigation.

It is sufficient for us to know that there was a substantial conflict in the evidence, and that the judge, who was entirely familiar with all its details and in a much better position to give due weight to all its parts, has exercised the discretion conferred upon him by granting a new trial.

To analyze the evidence in detail and express an opinion of the value of its several parts, might tend to influence the result in a re-trial of the issues of fact. This is not desired. On the contrary, the cause should be again tried, as though it had never before undergone investigation.

It is recommended that the appeal, so far as it purports to be an appeal from the order permitting the amendment of the state-

ment, be dismissed, and that the order appealed from, granting a new trial, be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the appeal from the order permitting the amendment of the statement is dismissed, and the order granting a new trial is affirmed.

HARRISON, J., McFARLAND, J., PATERSON, J.