## TUOHY'S ESTATE, PAUWELYN, EXECUTOR,
### APPELLANT.

[No. 1,480.]

ON MOTION TO DISMISS APPEAL.

[Decided October 26, 1899.]

23   305
24   50

23   305
26   283

23   305
27   244

23   305
f31   358

23   305
e34   340

23   305
35   202

*Appeal in Probate Proceedings—Order Directing Execution of Lease—Statute.*

1. An appeal is authorized by statute only, and, unless the subject matter of an appeal falls fairly within the statute, the appeal does not lie.

2. Under Code of Civil Procedure, Section 1722, as amended by Session Laws 1899, p. 146, providing that appeals may be taken (Subdivision 1) from all final judgments (Subdivision 2), from orders granting or refusing new trials, orders in extraordinary proceedings, interlocutory orders, and special orders after judgment, and (Subdivision 3) from judgments or orders in probate proceedings, appeals from judgments and orders in probate proceedings are only allowable under Subdivision 3, except in the granting or refusing a new trial, which may be taken under Subdivision 2.

3. Under Code of Civil Procedure 1895, Section 1722, as amended by Sess. Laws 1899, p. 146, an order of the district court directing an executor to execute a lease of certain realty belonging to his testator's estate, is not a "final judgment in a special proceeding" from which an appeal will lie. (*In re McFarland's Estate*, 10 Mont. 446, and *In re Higgins' Estate*, 15 Mont. 475, distinguished.)

4. Under Code of Civil Procedure, Section 1722, Subdivision 3, as amended by Sess. Laws 1899, p. 146, providing that appeals may be taken from orders directing a conveyance of realty in probate proceedings, an appeal will not lie from an order directing the execution of a lease of realty, as "conveyance," as used in the statute, does not include a lease.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

PROCEEDING in the estate of James Tuohy, deceased. From an order directing Cyril Pauwelyn, executor, to execute a lease of certain realty, he appealed. One McSherry and and another, who were made respondents, moved for a dismissal of the appeal. Dismissed.

*Messrs. Pemberton & Maury*, for Appellant.

*Mr. W. I. Lippincott* and *Mr. D. Gay Stivers*, for Respondents.

**PER CURIAM.** Motion to dismiss appeal. Cyril Pauwelyn, as executor of James Tuohy, deceased, seeks herein to have

reviewed on appeal an order made by the district court of the
Second Judicial District, sitting as a court of probate, direct-
ing him to execute a lease of certain mining ground belong-
ing to his testator's estate to C. J. McSherry and D. J. Ryan
at a fixed rental for the term of two years. McSherry and
Ryan, who are made the respondents, ask that the appeal be
dismissed on the ground, among others, that the order is not
appealable.

An appeal is authorized by statute only and, unless the
judgment or order which it is sought to have reviewed in this
mode falls fairly within the enumeration of appealable orders
or judgments made by the statute, the appeal does not lie.
(Hayne on New Trial & App., Sec. 181.)  Appeals from dis-
trict courts in this regard are provided for in Section 1722 of
the Code of Civil Procedure, as amended by the Session Laws
of 1899, p. 146.  Under this section we find three classes of
judgments or orders from which appeals may be taken.  Sub-
division 1 includes all final judgments; subdivision 2 enumer-
ates orders granting or refusing a new trial, orders made in
extraordinary proceedings, interlocutory orders and special
orders after final judgment; subdivision 3 enumerates judg-
ments or orders in probate proceedings.  This section was
copied into our Code substantially from the Code of Cali-
fornia.  Though appeals are provided for therein not recog-
nized by the Code of that state, the theory of classification is
the same in both Codes.  (*Estate of Calahan*, 60 Cal. 232.)
The case cited involved the question whether an appeal lies
from an order vacating a decree of distribution.  The court
observes:  "It is quite clear that the first and second classes
embrace judgments and orders other than those made in pro-
bate proceedings, and that the third class embraces only such
as are made in such proceedings."  The order was held to be
nonappealable, because not enumerated among those declared
in that class to be appealable.  It was also held in that case
that this order is not included in the second class, under the
head of "any special order made after final judgment," for
the reason that the final judgment there mentioned refers to

the judgment mentioned in the first class, that is, "a final judgment entered in an action or special proceeding commenced in a district court, or brought into a district court from another court." In a later case (*In re Smith's Estate*, .98 Cal. 636, 33 Pac. 744) in considering the same statute, it was determined that the term "final judgment," as used therein, "applies only to those judgments known at common law as 'final judgments,' and that as to the statutory determinations termed 'orders or judgments,' defined in the third subdivision, the term 'final judgment' does not apply." Similar questions under this statute have been considered in the following cases by the same court : (*In re Walkerly's Estate*, 94 Cal. 352, 29 Pac. 719; *In re Dean's Estate*, 62 Cal. 613; *In re Moore's Estate*, 86 Cal. 58, 24 Pac. 816; *In re Wiard's Estate*, 83 Cal. 619, 24 Pac. 45; *In re Lutz's Estate*, 67 Cal. 457, 8 Pac. 39; *In re Bauquier's Estate*, 88 Cal. 302, 26 Pac. 178, 532.) In this latter case it was held that an appeal from an order granting or denying a new trial lies under the provisions of· the second subdivision, because this provision is made applicable to probate proceedings by a section of the title pertaining to probate procedure the same as is found in our Code of Civil Procedure in Section 2921.

These cases furnish support for the rule, which seems entirely reasonable, that appeals from judgments or orders in probate proceedings are allowed only under the provisions of subdivision 3, except in the single case of an order granting or refusing a new trial, which may be taken under subdivision 2, as provided by section 2921, *supra.*

Counsel for the executor cite *In re McFarland's Estate*, 10 Mont. 446, 26 Pac. 185, and *In re Higgins' Estate*, 15 Mont. 475, 39 Pac. 506, in support of the position that the order appealed from is a final judgment in a special proceeding, and therefore appealable under the first subdivision of section 1722, *supra.* They call attention to the fact that similar orders were in these cases held to be final judgments, and appealable, under Section 421 of First Division of the Compiled Statutes. It is sufficient to say of these cases that the Com-

piled Statutes contained no provision similar to the one under consideration.    Moreover, up to the admission of the territory into the Union as a state, we had special probate courts, and no appeal to this Court lay directly from these courts. (*In re McFarland's Estate, supra.*)    Orders and judgments made therein could be reviewed, in the first place, only in the district court.    Upon the organization of the state government, probate jurisdiction was given to the district courts by the Constitution (Constitution, Art. VIII, Sec. 11; Schedule, Sec. 4), and thereafter appeals to this Court from judgments or orders in these proceedings were possible only by classifying them under the head of special proceedings, and allowing appeals, under Subdivision 1 of Section 421 of the First Division of the Compiled Statutes, which was by the Constitution continued in force, so far as applicable, to the new condition of things.    Our present Code, while retaining the first subdivision of Section 421, *supra*, of the Compiled Statutes, makes special provision in section 1722, as we have seen, for appeals from judgments and orders made in probate proceedings, and thus renders obsolete the construction given to this subdivision in the two cases referred to.    These cases are therefore no authority to support the contention of the appellant.

The order here considered is nowhere specifically mentioned in subdivision 3, unless it is included under the head of an order "against or in favor of directing the partition, sale or conveyance of real property," and whether it is provided for here turns upon the construction to be given to the word "conveyance."    In the Civil Code, Section 1642, the term "conveyance for the purposes of recordation" embraces "every instrument in writing by which an estate or interest in real property is created, aliened, mortgaged or incumbered, or by which the title to real property may be affected, except wills." Under section 1641, leases for terms exceeding one year are required to be recorded.    Therefore this class of leases falls within the meaning of "conveyance," as used in section 1642. But we apprehend that the term, as used in section 1722, *supra,*

is used in a more restricted sense, and falls within the definition of that term as applied to the actual transfer of the title to lands and interests therein, and does not include the hiring of real estate at a fixed rental for a term of years.    The definition given to the term in the Civil Code, it seems clear, is to make plain the meaning of the provisions of that Code touching recordation, and is not designed to change the more restricted, technical meaning in which it is used in the books. In the Code of Civil Procedure, wherever the word is used, it seems to be used in this narrower sense.    (Section 2640 *et seq.*)    We find support for this view in the following authorities:    *Mayor, etc.* v. *Mabie*, 13 N. Y. 151; *Des M. Co. Agr. Society* v. *Tubbessing*, 87 Iowa, 138, 54 N. W. 68; *Perkins* v. *Morse*, 78 Me. 17, 2 Atl. 130; *Sullivan* v. *Barry*, 46 N. J. Law, 1; *Kinney* v. *Watts*, 14 Wend. 38; *Tone* v. *Brace*, 11 Paige, 566; *Abendroth* v. *Town of Greenwich*, 29 Conn. 356. In *Sullivan* v. *Barry, supra,* the court say:    "But neither the word 'convey' nor 'incumber,' according to its ordinary signification, is expressive of the act of creating a tenancy for years in lands.    The former of the terms is appropriate to the transfer of a title to a freehold; the latter, to putting the property in pledge for the payment of money.    That the word 'conveyance' does not, when standing without assistance in a statute, signify its applicability to the passing of a chattel interest in realty, is clearly indicated in the cases of *Kinney* v. *Watts*, 14 Wend. 38, and *Tone* v. *Brace*, 8 Paige, 598." (11 Paige, 566.)

We therefore hold that an appeal does not lie from the order in question, and that the appeal must be dismissed.

*Dismissed.*