## IN RE KELLY'S ESTATE.

### (No. 2,060.)

(Submitted November 17, 1904.   Decided December 1, 1904.)

### *Probate Proceedings—Appealable Orders.*

Under Code of Civil Procedure, Section 1722, Subdivision 3, as amended by Laws of 1899, page 146, which enumerates the specific instances in which an appeal may be taken to the supreme court from a district court in probate proceedings, orders refusing to vacate a decree of distribution and settlement of final account, and refusing to vacate an order settling an administrator's account and discharging him, which are not among the judgments or orders enumerated in the statute, are not appealable.

ON MOTION FOR REHEARING.

(Decided January 23, 1905.)

The term "final judgment" as used in Code of Civil Procedure, Section 1722, Subdivision 2, refers only to those judgments known at common law as final judgments, and has no application to the statutory determinations and orders termed "orders or judgments" in probate proceedings.

*Appeal from District Court, Lewis and Clarke County; J. M. Clements, Judge.*

IN THE matter of the estate of Patrick Kelly, deceased. From orders denying an application to vacate a decree of distribution, and refusing to vacate an order settling the administrator's account, one Harold Kelly, an alleged heir, appeals.   Dismissed.

*Messrs. Carpenter, Day & Carpenter,* for Appellant.

*Mr. A. J. Galen,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

One Harold Kelly, alleging himself to be an heir of Patrick Kelly, deceased, has attempted to appeal from two orders made by the district court, viz., from an order denying his application to vacate the decree of distribution in the matter of the estate of Patrick Kelly, deceased, and from an order denying his application to vacate an order settling the administrator's account and discharging him.

It is apparent that no appeal lies from either of the orders mentioned.

Subdivision 3 of Section 1722, Code of Civil Procedure, as amended (Session Laws 1899, p. 146), provides that an appeal may be taken to the supreme court from a district court in the following cases: "From a judgment or order granting or refusing to grant, revoking or refusing to revoke, letters testamentary or of administration, or of guardianship; or admitting or refusing to admit a will to probate, or against or in favor of the validity of a will, or revoking the probate thereof; or against or in favor of setting apart property, or making an allowance for a widow or child; or against or in favor of directing the partition; sale or conveyance of real property, or settling an account of an executor, or administrator, or guardian; or refusing, allowing, directing the distribution or partition of an estate, or any part thereof, or the payment of a debt, claim, legacy or distributive share; or confirming or refusing to confirm a report of an appraiser setting apart a homestead."

The foregoing enumerates all the cases in which an appeal may be taken to this court from the district court in probate proceedings, and an order refusing to vacate a decree of distribution and settlement of final account is not one of them; neither is an order denying an application to vacate an order settling an administrator's account and discharging him. (*In re Wiard's Estate,* 83 Cal. 619, 24 Pac. 45.) It has been uniformly held that an appeal from an order of the character of those before us cannot be sustained unless the orders are specifically enumerated in the statute. (*Estate of Calahan,* 60 Cal. 232; *Estate of Dean,* 62 Cal. 613; *Lutz* v. *Christy,* 67 Cal. 457, 8 Pac. 39.)

"The party against whom an appealable judgment or order has been made, or who is aggrieved thereby, may not appeal from an order refusing to vacate, dissolve or modify it." (*Butte Con. M. Co.* v. *Frank,* 24 Mont. 506, 62 Pac. 922.)

If the appellant found himself too late to appeal from the orders which he moved to set aside and vacate, he should have adopted a different course from that pursued in order to obtain relief.

In our opinion, the court has not jurisdiction to entertain these appeals, and they should be dismissed.

PER CURIAM.—For the reasons given in the foregoing opinion, the appeals are dismissed.

### On Motion for Rehearing.

(Decided January 23, 1905.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The appellant has presented a petition for a rehearing in this cause, assigning as ground therefor that, in dismissing the appeal, this court overlooked its own decisions, which control when applied to the facts of this case. He cites *In re McFarland's Estate,* 10 Mont. 446, 26 Pac. 185, where it was held that a decree of distribution, made by a district court exercising its probate jurisdiction was, under the Compiled Statutes of 1887 (Sec. 445, Code of Civil Procedure), a final judgment from which an appeal lay. From this he argues that, being a final judgment, an order denying a motion to set it aside on the ground of mistake, inadvertence, etc., is a special order after final judgment, and hence is appealable under Subdivision 2 of Section 1722 of the Code of Civil Procedure of 1895 as amended by the Session Laws of 1899, p. 146. The provisions of this section were considered in *In re Tuohy's Estate,* 23 Mont. 305, 58 Pac. 722, and the conclusion was reached that Subdi-

vision 2 of the section has no application to orders in probate proceedings, except in so far as it is made applicable by other provisions, such as Section 2921 of the same Code, providing for an appeal from an order granting or denying a motion for a new trial in probate proceedings. The term "final judgment" as used in Subdivision 2, *supra,* refers only to those judgments known at common law as final judgments, and has no application to the statutory determinations and orders termed "orders or judgments" in probate proceedings. The cases of *In re Mc-Farland's Estate, supra,* and *In re Higgins' Estate,* 15 Mont. 475, 39 Pac. 506, were cited and, for reasons there stated, were held not applicable.

We see no reason why we should overturn the rule stated in that case.

The petition is denied.

*Denied.*

Mr. Justice Milburn and Mr. Justice Holloway concur.