IN RE ROBERTS' ESTATE. ROBERTS, ADMR., RESPONDENT, *v.* ROBERTS, APPELLANT.

(No. 3,272.)

(Submitted September 17, 1913. Decided October 6, 1913.)

[135 Pac. 909.]

*Probate Proceedings—Embezzling Assets of Estates—Order Requiring Disclosure Nonappealable.*

1. An order requiring a person charged by an administrator with having concealed or disposed of assets of the estate represented by the latter, made after examination of the former pursuant to a citation issued in a proceeding instituted under sections 7505 and 7506, Revised Codes, to make disclosure as prayed, is not appealable.

*Appeal from District Court, Broadwater County; W. R. C. Stewart, Judge.*

IN THE MATTER of the estate of Martha Roberts, Stephen Roberts, as administrator, filed a petition praying citation against Willard Roberts to compel him to make disclosure of the disposition of goods and chattels belonging to the estate. From an order requiring the disclosure, defendant appeals. Appeal dismissed.

*Messrs. Wight & Pew* and *Mr. C. P. Cotter,* for Appellant, submitted a brief; *Mr. Chas. E. Pew* argued the cause orally.

*Mr. E. H. Goodman,* for Respondent, submitted a brief and made oral argument.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On June 22, 1912, Stephen Roberts, as administrator of the estate of Martha Roberts, deceased, filed his petition in the district court of Broadwater county—that court having jurisdiction of the administration—alleging that he believed, and had reason to believe, that one Willard Roberts had embezzled, conveyed away, and disposed of certain goods and chattels belonging to the estate, and praying that a citation issue requiring the said Roberts to appear and be examined on oath touching the property, and that the court order him to make disclosure to the petitioner of his knowledge thereof. In response to a citation issued upon the petition, Roberts appeared and answered, denying all the allegations in the petition, and alleging title to the property in himself. Thereafter an examination was had, and at its conclusion the court made an order requiring the disclosure to be made in accordance with the prayer of the petition. From this order, Willard Roberts has attempted to appeal as from a final judgment. During the oral argument in this court the question arose whether the appeal lies. If it does not, this court is without jurisdiction to determine it upon the merits, and hence must order a dismissal.

The proceeding was instituted under sections 7505 and 7506 [1] of the Revised Codes, which provide a means by which an executor or administrator may obtain a discovery of assets belonging to the estate of the decedent which have been concealed, embezzled, smuggled, conveyed away or disposed of by any person, or of knowledge of any deeds, conveyances, *etc.,* showing a claim or right of the decedent to any real or personal estate, or any claim or demand, or of a lost will of the decedent. These

provisions are remedial in their nature, and confer power upon the court, when sitting in probate proceedings, analogous in its scope and object to the power of a court in chancery upon bills of discovery. (*Mesmer* v. *Jenkins*, 61 Cal. 151.) The proceeding authorized by them is of an ancillary character, however, and is confined to securing a discovery of evidence upon which the administrator or executor may recover assets belonging to the estate which would otherwise be lost. The adjudication of disputed rights of property is not within their scope, for the order which section 7506 authorizes the court to make cannot go further than to require a disclosure which may be used in an action pending or to be brought in behalf of the estate. (*Ex parte Casey*, 71 Cal. 269, 12 Pac. 118.) The order cannot finally adjudicate any right. The utmost effect such an order could have in any case would be to fix the rule of evidence to be observed in an action brought to establish the right asserted in behalf of the estate. From this point of view it is not a final judgment, within the meaning of section 6710 of the Revised Codes, from which an appeal lies under subdivision 1 of section 7098. It is a mere order of judgment in a probate proceeding. As was pointed out in *Estate of Tuohy*, 23 Mont. 305, 58 Pac. 722, the expression "final judgment," as used in this subdivision, refers only to those judgments known at common law as final judgments as defined in section 6710, and does not include statutory determinations termed "orders" or "judgments" in probate proceedings. (See, also, *In re Kelly's Estate*, 31 Mont. 356, 78 Pac. 579, 79 Pac. 244.) The appeal, therefore, does not lie under subdivision 1 of that section, providing for an appeal from a final judgment. Subdivision 3 of this section provides for appeals from orders and judgments in probate proceedings, and enumerates all those from which appeals lie. Among these we find no mention of an order made in the proceedings under consideration. Hence the appeal does not lie at all, and is therefore dismissed. *Dismissed.*

Mr. Justice Holloway and Mr. Justice Sanner concur.