STATE EX REL. RUBIN, RELATRIX, *v.* DISTRICT COURT ET
AL., RESPONDENTS.

(No. 4,983.)

(Submitted December 12, 1921. Decided December 24, 1921.)

[203 Pac. 860.]

*Supervisory Control—Estates of Deceased Persons—Foreign
Heirs—Distribution—Determination of Heirship—Condition
Precedent to Decree—Attorney and Client—Appearance—
Nonappealable Orders.*

Supervisory Control—Writ Lies, When.
   1.   The writ of supervisory control is in the nature of a summary
appeal, and will issue only when there is no plain, speedy or ade-
quate remedy at law by appeal or other constitutional writ.

Estates of Deceased Persons — Distribution—Heirs — Notice of Hearing
Necessary.
   2.   Where notice of the hearing of a petition for the distribution of
an estate was not served upon an heir as required by section 7670,
the decree rendered in the proceeding did not foreclose her rights as
an heir.

Same—Distribution—Attorney and Client—Appearance of Unlicensed At-
torney Noneffectual.
   3.   An attempted appearance for a foreign heir by an attorney re-
siding in another state who had not been licensed to practice in this
state either generally or specially, by means of a letter to the dis-
trict court stating that he appeared in behalf of the heir and that
notice in the proceeding be served upon him, amounted to no ap-
pearance and did not estop the heir from attacking the decree for
want of notice.

Same—Distribution—Heirs—Authority of Attorney must be in Writing.
   4.   Under section 7671, Revised Codes of 1907, an attorney claiming
a right to appear in behalf of an heir at a proceeding to determine
heirship must file written evidence of his authority to so appear,
otherwise the heir is not barred from questioning the jurisdiction
of the court to render the decree.

Same — Distribution — Foreign Heirs — Determination of Heirship Pre-
requisite to Valid Decree.
   5.   While ordinarily proceedings to determine heirship under section
7670, Revised Codes of 1907, are not necessary as a condition prece-
dent to the distribution of an estate, yet where a person claiming
to be an heir is a resident of a foreign country, the court must,
under section 7673, Revised Codes of 1907, determine the question
of heirship as provided in sections 7670–7672, before decreeing
distribution.

Same — Decree — Motion to Vacate — Order Nonappealable — Supervisory
    Control.
    6.   An erroneous order overruling a motion to vacate a decree of dis-
    tribution of an estate not being an appealable one, and relatrix not
    having any other plain, speedy and adequate remedy, supervisory
    control lies to annul the order.

Original application for Writ of Supervisory Control by the
State of Montana, on the relation of Rosie Rubin, against
the District Court of the Thirteenth Judicial District in and
for the County of Yellowstone, and Robert C. Stong, a judge
thereof.   Writ issued.

*Messrs. Waldo & Cunningham,* for Relatrix, submitted a
brief; *Mr. Arthur J. Cunningham* argued the cause orally.

*Mr. Guy C. Derry,* for Respondents, submitted a brief and
argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an original application for a writ of supervisory con-
trol.   In response to an order to show cause, the respondents
appeared by answer, but no issue of fact is raised thereby.   On
the argument, counsel for respondents stated that "the facts
alleged by the relator may be admitted as true."

It appears that one Louis Rosenberg died in Yellowstone
county on or about November 9, 1918, and thereafter, on De-
cember 16, 1918, letters of administration were regularly issued
to Jennie Rosenberg, widow of the deceased, by the district
court of Yellowstone county.   On January 29, 1920, during
the course of the administration, a petition to determine heir-
ship was filed by one David Rosenberg, alleging himself to be
a brother of the deceased, wherein he asked for an order re-
quiring all persons to appear and exhibit their claims of heir-
ship for a determination by the court to whom distribution
of the estate should be made.   Thereupon the court entered an
order directing the clerk to cause notice to be served upon all
persons, named or not named, who had or claimed any interest

in the estate, to appear before the court on May 1, 1920, and exhibit their respective claims of heirship, ownership or interest in the estate. On the same day the clerk issued notice to Jennie Rosenberg, administratrix, and to her personally, citing her and all other persons not named who had or claimed any interest in the estate, to appear before the court on May 1, 1920, and exhibit their respective claims. This notice was served by the sheriff of Yellowstone county upon Jennie Rosenberg alone, both in her representative capacity and personally. No other service of notice was made, by publication or otherwise. On December 20, 1920, one William E. Collins forwarded to Billings a writing said to be executed on behalf of the relatrix in the matter of the estate, which was filed, reading as follows:

"State of Montana, Surrogate's Court, Yellowstone County.
"In re Louis Rosenberg, Deceased.

"Please take notice that I appear herein in behalf of Rosie Rosenberg, mother of the deceased, and Saul, David, and Sam Rubin, first cousins of the deceased, and that I hereby request that notice of all proceedings be given to me and copies of all papers served upon me in the matter of this estate at my office as given below.

"WILLIAM E. COLLINS,
"165 Broadway, New York, N. Y.
"New York, N. Y. December 3, 1920.
"To the Surrogate of Yellowstone County, Montana."

On January 3, 1921, pursuant to stipulation between Jennie Rosenberg and David Rubin, a decree was entered establishing Jennie Rosenberg to be the only heir of the deceased, and as such the only person entitled to his estate. On January 7, 1921, Jennie Rosenberg, as administratrix, filed her final account and petition for distribution in the matter of the estate. On January 15, 1921, Arthur J. Cunningham, as one of the attorneys for Rosie Rubin, filed his verified petition in the matter of the estate, wherein it is alleged on information and belief that Rosie Rubin is the mother of the deceased, and as

such entitled to a share in the estate and praying that hearing on the final account and petition for distribution of the administratrix be postponed until such time as Rosie Rubin should be able to present proof in support of her claim. This latter petition appears to have been heard on January 17, 1921, and asked for a reinstatement of her petition filed on order of final distribution of the estate. Upon evidence introduced, the petition for postponement of the hearing was denied, the final account of the administratrix allowed and approved, and final distribution of the estate ordered. By decree entered on that date the residue of the estate was distributed to Jennie Paul, *née* Rosenberg, and thereafter, on January 26, 1921, she was discharged as administratrix of the estate. On January 27, 1921, relatrix filed a motion supported by affidavit for an order setting aside and vacating the decree of final distribution of the estate, and on the day following filed a motion for an order setting aside and vacating the decree of heirship entered therein on January 3, 1921. Both of these motions were by the court denied on January 29, 1921. On March 5, 1921, the relatrix again moved the court to set aside and vacate the decree of distribution, and the order discharging the administratrix, and asked the court to reinstate the administratrix, require her to furnish a new bond as such, and permit the relatrix to present objections to the distribution of the estate to Jennie Paul, *née* Rosenberg. On April 18, 1921, this motion was by the court granted, Jennie Paul reinstated as administratrix upon the filing of a new bond in the sum of $2,500, and the relatrix granted four months' time within which to present proof of her right as an heir to a distributive share of the estate. Thereafter, on April 21, 1921, Jennie Paul, *née* Rosenberg, filed a motion to vacate and set aside the last order mentioned, and on June 18, 1921, the court made an order sustaining this motion, and vacating and setting aside its former order of April 21, 1921. Thereafter, on July 5, 1921, the relatrix filed another motion for an order setting aside the decree of heirship of June 3, 1921, and another motion for an

order vacating and setting aside the order entered June 18, 1921, and asked for a reinstatement of her petition filed on March 5, 1921, for a reopening of the administration of the estate. These motions were by the court denied.

At the outset question arises as to whether this is a proper [1] case for the exercise of supervisory control. "The writ of supervisory control is in the nature of a summary appeal, and the last refuge whereby relief may be had. It will issue only when there is no other plain, speedy, or adequate remedy at law by appeal or other constitutional writ." (*State ex rel. Peel* v. *District Court,* 59 Mont. 505, 197 Pac. 741.)

Relatrix's rights as an heir were not foreclosed by the decree [2–4] of heirship, as service of notice was not made as required by the statute, *i. e.,* "in the same manner as a summons in a civil action." (Sec. 7670, Rev. Codes 1907.) And the attempted appearance in the matter of the estate by William E. Collins, as attorney for the relatrix, did not alter the situation, for in legal effect it amounted to no appearance at all. The paper filed had no more force nor effect than if there had been filed with the clerk of the court a copy of the "Billings Gazette," "a daily newspaper making comment concerning proceedings in the matter of the estate." It is not such an instrument as is entitled to recognition or place under our probate procedure, and, having been filed by one alleging himself to be an attorney, but who was not licensed to practice law in this state, either generally or specially, was wholly ineffectual for any purpose. (Sec. 6385, Rev. Codes, as amended by Chapter 13, Laws 1911; and see *North Laramie Land Co.* v. *Hoffman,* 26 Wyo. 327, 184 Pac. 226.)

Again, written evidence of the attorney's authority to appear was not filed, as required on appearance in proceedings to determine heirship (sec. 7671, Rev. Codes), so that the decree of heirship may be wholly disregarded so far as the relatrix is concerned. But what is the effect of the decree of distribution of the estate and the order discharging the administratrix, and

is the relatrix entitled to have her rights determined in heirship proceedings?

Section 7673 of the Revised Codes, as amended by Chapter [5] 54 of the Laws of 1913, provides in part: "Upon the final settlement of the accounts of the executor or administrator, or at any subsequent time, upon the application of the executor or administrator, or of any heir, legatee, or devisee, the court or judge, must proceed to distribute the residue of the estate in the hands of the executor or administrator, if any, among the persons who by law are entitled thereto. * * * Provided, that whenever it appears from the *records or files of an estate under course of administration,* that any of the persons claiming to be heirs, or claiming a right to share in said estate, *are nonresidents of the United States, then a proceeding to determine their rights shall be had* under the provisions and as provided for in sections 7670, 7671, and 7672 of the Revised Codes with reference *to the determination of heirship.*"

Ordinarily proceedings to determine heirship under section 7670, Rev. Codes, are not necessary as a condition precedent to distribution of an estate (sec. 7670, Rev. Codes; *In re Oxarart's Estate,* 78 Cal. 109, 20 Pac. 367; *In re Davis' Estate,* 27 Mont. 490, 71 Pac. 757) but in this instance a different rule must be applied; it appearing from the files and records of the estate that a person claiming to be an heir or claiming a right in the estate is a nonresident of the United States. When such facts are disclosed from the files and records, it is mandatory upon the court under the amendatory provisions of section 7673 of the Revised Codes to determine the right of such person "under the provisions and as provided for in sections 7670, 7671 and 7672 of the Revised Codes with reference to the determination of heirship." The relatrix, on making appearance in advance of the decree of distribution, was not required to furnish and file written evidence of the authority of her attorneys, as in proceedings for the determination of heirship. She appeared by counsel, as she was rightfully entitled to do.

Arthur J. Cunningham, one of her attorneys, on January 15, 1921, made and filed a verified petition in the matter of the estate, asking a postponement of final distribution, and alleged on information and belief that Rosie Rubin is the mother of the deceased, Louis Rosenberg, and as such entitled to a share in his estate, and that she resides in Stanislau, Galicia, Poland. This petition was heard on January 17, 1921, and evidence taken in support thereof in advance of the decree of distribution, which was made and entered on that date. Later, on January 27, 1921, she appeared through her attorneys by motion to set aside the decree of distribution, and again on January 28, 1921, by motion to set aside and vacate the decree of heirship entered on January 3, 1921. These motions being denied, she again appeared through her attorneys on March 5, 1921, and filed another motion to set aside the decree of distribution, which was by the court sustained on April 18, 1921. The decree of distribution was vacated, and Jennie Paul, *née* Rosenberg, reinstated as administratrix of the estate upon the filing of a new bond in the sum of $2,500. Thus the court evinced disposition to rectify its error committed by the entry of the decreee of distribution on January 17, 1921; it theretofore appearing from the files and records that Rosie Rubin claimed a share of the estate as the mother of the deceased, and that she was a nonresident of the United States. In view of such facts, the order of April 18, 1921, was entirely proper, and the estate should have been kept open and unsettled for a reasonable time or until after a determination of heirship in accordance with the provisions of the statute. Thereafter, however, on June 18, 1921, the court sustained a motion to set aside its order dated April 18, 1921, and restored to former status, with full force and effect, the decree of distribution made and entered on January 17, 1921. On July 5, 1921, the relatrix again interposed and filed two additional motions, one to set aside the decree of heirship entered January 3, 1921, and

the other to set aside the order of June 18, 1921, both of which were by the court denied.

The orders made overruling the motions to vacate the de[6] cree of distribution are not appealable. (*In re Kelly's Estate,* 31 Mont. 356, 78 Pac. 579, 79 Pac. 244.)

In determining the question of the right to appeal from an order refusing to vacate a decree of distribution and order settling an administrator's account in the case last cited, this court said: "It has been uniformly held that an appeal from an order of the character of those before us cannot be sustained unless the orders are specifically enumerated in the statute."

. The statute (subdivision 3 of section 7098, Revised Codes), in providing a right of appeal in matters of probate, allows the same in the following instances: "From a judgment or order granting or refusing to grant, revoking or refusing to revoke, letters testamentary, or of administration, or of guardianship; or admitting or refusing to admit a will to probate, or against or in favor of the validity of a will, or revoking the probate thereof; * * * or refusing, allowing, directing, the distribution * * * of an estate, or any part thereof. * * * " In construing this statute, this court has said: "The foregoing enumerates all the cases in which an appeal may be taken to this court from the district court in probate proceedings, and an order refusing to vacate a decree of distribution and settlement of final account is not one of them." (*In re Kelly's Estate, supra.*) It has been further held that "An appeal is authorized by statute only, and, unless the judgment or order which it is sought to have reviewed in this mode falls fairly within the enumeration of appealable orders or judgments made by the statute, the appeal does not lie." (*In re Tuohy's Estate,* 23 Mont. 305, 58 Pac. 722.)

It is clear, therefore, that the relatrix had no remedy by appeal from the order of June 18, 1921, reinstating the decree of distribution, as it is not one of the enumerated appealable

orders mentioned in the statute. In making the order setting aside the decree of distribution and reinstating Jennie Paul, *née* Rosenberg, as administratrix on April 18, 1921, the court acted properly and seasonably in rectification of its error committed on January 17, 1921, in refusing to continue the hearing on final distribution until after decree of heirship; and, since the rights of the relatrix are protected by statute and she has no adequate remedy by appeal, this appears to be a proper case for the interposition of supervisory control.

As it appeared from the files and records in the matter of the estate before the decree of distribution that the relatrix claimed to be an heir and entitled to a distributive share of the estate, and that she was a nonresident of the United States, the court was in error in not directing proceedings to determine heirship in advance of the distribution of the estate, and also in setting aside its order of April 21, 1921, by order of June 18, 1921, by which latter order the decree of distribution as of date January 17, 1921, was reinstated.

The district court and the judges thereof are hereby ordered and directed to annul and set aside the order of June 18, 1921, and to reinstate the order of April 18, 1921, setting aside the decree of distribution and reopening the estate, the relatrix to be given reasonable time and opportunity to establish her claim in proceedings for the determination of heirship.

*Writ issued.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and HOLLOWAY concur.

MR. JUSTICE REYNOLDS, deeming himself disqualified, takes no part in the foregoing decision.