IN RE FERGUSON'S ESTATE. FERGUSON, APPELLANT,
*v.* DeCARLE, EXECUTOR, RESPONDENT.

(No. 5,724.)

(Submitted June 18, 1925. Decided June 29, 1925.)

[237 Pac. 1105.]

*Probate Proceedings—Appeal—Nonappealable Orders.*

1. Under section 9731, Revised Codes, subdivision 3, only such orders in probate proceedings as therein enumerated are appealable; hence an order dismissing a petition for the revocation of the probate of a will—in effect an order refusing to revoke its probate—not being included in the enumeration, is not appealable.

Wills, 40 Cyc. 1349, n. 97.

*Appeal from District Court, Custer County; S. D. McKinnon, Judge.*

PETITION by Thomas M. Ferguson for the revocation of the probate of the will of Fraser Ferguson, deceased. Motion by John E. deCarle, executor, and Margaret C. Van Emon, to dismiss petition, was sustained, and petitioner appeals. Appeal dismissed.

*Mr. W. H. O'Connell,* for Appellant, submitted a brief; *Mr. Edward A. Knapp,* of Counsel, argued the cause orally.

*Messrs. Loud & Leavitt,* for Respondent, submitted a brief; *Mr. Chas. H. Loud* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The will of Fraser Ferguson was duly admitted to probate by the district court of Custer county on September 25, 1923. On September 22, 1924, Thomas M. Ferguson filed his petition for the revocation of the probate of the will, and on September 29, 1924, John E. deCarle, the executor, and Margaret C. Van Emon, the principal beneficiary under the

will, joined in a motion to dismiss the petition. After a hearing the court sustained the motion, and Thomas M. Ferguson undertook to appeal from the order.

At the outset we are met with the objection that this court does not have jurisdiction of the appeal. It is insisted by respondents that an order dismissing a petition for the revocation of the probate of a will is not appealable.

It is settled beyond controversy that only such orders in [1] probate proceedings as are enumerated in subdivision 3 of section 9731, Revised Codes, are appealable (*Tuohy's Estate*, 23 Mont. 305, 58 Pac. 722; *Kelly's Estate*, 31 Mont. 356, 78 Pac. 579, 79 Pac. 244; *Robert's Estate*, 48 Mont. 40, 135 Pac. 909; *Sattes' Estate*, 59 Mont. 220, 195 Pac. 1033; *State ex rel. Rubin* v. *District Court*, 62 Mont. 60, 203 Pac. 860), and clearly the order in question is not one of the orders enumerated in that subdivision. It is in effect an order refusing to revoke the probate of the will (*Mahoney* v. *Superior Court*, 140 Cal. 513, 74 Pac. 13), and it is worthy of notice that, although an order revoking probate is made appealable, an order refusing to revoke is not mentioned. Whether such an order should be appealable is a question which can be addressed only to the legislature. In California it was deemed expedient that such an order should be appealable, and section 963 of the California Code of Civil Procedure was amended in 1901 to accomplish the desired end. Our legislature has not seen fit to include the order in question among the appealable orders; hence this court is without authority to entertain the appeal.

The pretended appeal is dismissed.

*Dismissed.*

Associate Justices Galen, Stark and Matthews concur.

Mr. Chief Justice Callaway, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.