198

TILDA C. SHOAL, Plaintiff and Appellant,
*v.*
HELGA SJAASTAD BAILEY, ANNA SJAASTAD PHIL-
LIPS, OLE A. SJAASTAD, Deceased, and LEONE SJAA-
STAD, wife of OLE A. SJAASTAD, Deceased; CAROL
SODERGREN, and KATHLEEN VANDAWALKER,
daughters of OLE A. SJAASTAD, Deceased; and the
sole heirs at law of OLE A. SJAASTAD, deceased; EL-
MER H. SJAASTAD and MILDRED SJAASTAD, his
wife; H. GEORGE SJAASTAD and AGNES SJAASTAD,
his wife, and all other persons, firms or corporations,
both known and unknown, who claim or might claim
any right, title, estate or interest in or lien or encum-
brance upon the real property described in the com-
plaint, or any part thereof, adverse to plaintiff's owner-
ship, or any cloud upon plaintiff's title thereto,
whether such claim or possible claim be present or con-
tingent, including any claim or possible claim of dower,
inchoate or accrued, Defendants and Respondents.

No. 10034.
Submitted April 14, 1961. Decided May 23, 1961.
362 P.2d 234.

Vernon Hoven, Missoula, argued orally for appellant.

Michael G. Chilton, Helena, argued orally, for respondents.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal from an order vacating and setting aside a judgment entered in the district court of the fifteenth judicial district of Sheridan County, Montana.

Complaint was filed on March 1, 1957, and answer filed by the appearing defendants on May 13, 1958, in which answer Walter O. Burk of Williston, North Dakota, was designated as the attorney, and thereafter trial of the cause was had, and a decree was entered by the district court on July 29, 1958, which recited:

"This cause came on regularly to be heard in open court on the 13th day of May, 1958, the plaintiff appearing in person and by Vernon Hoven, her attorney; and the defendants appearing in person and through Walter O. Burk, their attorney, whereupon testimony was adduced from the witnesses for the plaintiff and witnesses for the defendants."

On November 21, 1958, the answering defendants through new counsel moved the court to set aside and vacate the judgment and answer on the ground that:

"* * * said judgment was not entered in accordance with the practice and course of proceeding directed by the laws of the State of Montana in those cases in which no appearance is made by the defendant; and, that the appearance on behalf of the defendants by Walter O. Burk of Williston, North Dakota, who was not licensed to practice in this state, was ineffectual for any purpose, and no

act thereof can be recognized by this Court.''

The motion was submitted to the court upon briefs and on December 22, 1958, the court made and entered the order from which this appeal is taken, vacating and setting aside the judgment and answer as being null and void.

Plaintiff contends that the district court erred in entering its order of December 22, 1958.

It should be noted that this cause comes before this court upon a transcript of the judgment roll, no bill of exceptions having been settled in the district court.

Section 93-2005, R.C.M.1947, having to do with the admission of attorneys to practice in this state, licensed in other jurisdictions, provides in part as follows:

''* * * provided, however, that any person who is a nonresident of the State of Montana, and who has been admitted and is at the time authorized to practice law in the highest courts of another state, or of a foreign country, may, upon motion of any attorney admitted to practice in the courts of this state, be permitted by the court to appear as attorney in any action or proceeding in such court, and shall, when so permitted, be entitled to the same rights and privileges and be subject to the same duties and obligations, with respect to such actions or proceedings, as an attorney duly admitted to practice in the courts of this state.''

The quoted portion of the decree heretofore set forth stated that the defendants not only appeared in person and through Walter O. Burk, their attorney, but submitted testimony. There is nothing in the record before us to indicate other than such attorney was duly and regularly before the district court with his clients actively participating in the trial.

Defendants here would have this court assume, because there is no formal order in the record, that no permission was granted attorney Burk to appear in the cause by the district court. This we cannot do because no bill of exceptions

was settled, and we are limited in our consideration of this appeal to the record before us, and we cannot go beyond it.

In his brief here counsel for defendants states:

"Walter O. Burk of Williston, North Dakota, appearing on behalf of the defendants, was not licensed to practice in the State of Montana, nor was he, by the lower court, granted permission to practice in the above-entitled cause upon the motion of an attorney duly licensed to practice in the State of Montana, and therefore said appearance was ineffectual for any purpose."

These is nothing in the record to substantiate such statement except a showing Burk was not licensed to practice in this state.

From the record before us no objection was made to the appearance of Burk as attorney for the defendants. It is further obvious that Burk would, of necessity, have to be contacted and employed by the defendants and no charge is made that his actions as such attorney were unauthorized. It would appear, however, that a like situation would be created if the attorney had been unauthorized to appear for the defendants. In such a situation the general rule would be:

"* * * The party for whom the appearance has been entered, if without knowledge of that fact, may object at any time on being informed thereof, even after judgment. But a suitor who does not disclaim the authority of an attorney who assumes to represent him in an action after he has acquired knowledge thereof, cannot do so afterwards. He cannot take the hazard of a trial and, when unsuccessful, allege as ground for vacating the judgment that the attorney who conducted the trial had no authority." Thornton on Attorneys at Law, § 238, p. 431.

It conclusively appears under the situation here prevailing that defendants had actual knowledge of the appearance of Burk in this action on their behalf by their presence in court.

And, again, we have the rule with regard to ratification of the acts of an unauthorized attorney:

"A client cannot sit idly by and, with full knowledge of the facts, allow an attorney to act for him, take the chances of satisfactory results, and then deny the attorney's authority. In such cases the failure to object will be deemed a sufficient ratification of the attorney's acts." Thornton on Attorneys at Law, § 213, p. 379.

The defendants cite State ex rel. Rubin v. District Court, 62 Mont. 60, 203 P. 860, in support of their position, but such case is distinguishable in that there was no personal appearance in the court by the nonresident attorney, he merely filed a writing stating he was appearing for certain persons and requesting that notice of all proceedings and copies of all papers be served upon him. In addition, under the statutes in effect in that matter, a proceeding for determination of heirship, it was necessary for written evidence of the attorney's authority to appear to be filed, which was not done. This court cited North Laramie Land Co. v. Hoffman, 26 Wyo. 327, 184 P. 226, in its opinion. That case is also distinguishable because nonresident attorneys, without seeking or being granted permission from the court, instituted the action, and the Wyoming Supreme Court held that their statutes did not empower the court to admit nonresident attorneys for that purpose, but only to admit them in a pending action.

The case of Bennie v. Triangle Ranch Co., 73 Colo. 586, 216 P. 718, is likewise distinguishable because the action was instituted and prosecuted by an unlicensed attorney. The pleading there was subscribed "The Triangle Ranch Company, by Jesse L. Thomas, Secretary and Manager", and the Colorado Supreme Court held that a corporation can only appear by an attorney and further that public policy will not permit an action to be commenced and prosecuted through the court on behalf of a corporation by one who is denied the authority and privilege of an attorney and counsellor at law.

. Defendants here, upon a showing that the attorney they employed to represent them, and with whom they appeared in court and participated in the trial, by the action of the district court are being given an opportunity to relitigate the issues in this matter following an adverse decision upon the trial. To sustain such an action would require counsel to inquire into the authority of all counsel who appear, despite their recognition by the court and the fact that they are accompanied by their clients and participate in the trial. This should not be required.

The order of the district court entered on December 22, 1958, vacating and setting aside the judgment and answer is hereby annulled and set aside and the decree of May 13, 1958, is reinstated in full force and effect.

It is so ordered.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN C. HARRISON concur.