DES MOINES COUNTY AGRICULTURAL SOCIETY, Appellee, v. WM. TUBBESSING, Appellant.

Right of Way: DEED: CONSTRUCTION. By a written agreement signed by the parties hereto, the plaintiff, in consideration of the right of way "granted" to it for a railroad track to connect its fair grounds with the main line of an established railroad, agreed to pay to the defendant two hundred dollars per year for the term of five years. *Held*, that it was a conveyance of a perpetual right of way, and not a mere lease for the term of five years.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

SATURDAY, JANUARY 21, 1893.

THE following instrument was executed by the parties to this suit:

"This agreement, made this fifth day of September, 1884, between Wm. Tubbesing, party of the first part, and the Des Moines County Agricultural Society, party of the second part, witnesseth, that in consideration of the right of way granted by Wm. Tubbesing, party of the first part, to the Des Moines Agricultural Society, party of the second part, for the purpose of building a railroad track connecting the Des Moines county fair grounds with the main track of the C., B. & Q. railroad, said track to run along the west end of the north half of the northwest quarter of section 31, and the west half of the southwest quarter of section 30, township 70, range 2 west, until it reaches the hollow near the railroad track, and there follow said hollow as near as practicable; that said society hereby promises and agrees to pay said Wm. Tubbesing the sum of two hundred dollars per year for the term of five years, the first payment to be made on or before the day on which the first train passes over said right of way.                           Wm. Tubbesing.

"The Des Moines County Agricultural Society,
                              "By C. C. Fowler, Sec."

The payments by the plaintiff were made according to the terms of the agreement. After the expiration of five years the defendant denied the right of the plaintiff to further occupy the right of way, and this action is to enjoin him from interfering with the railroad constructed thereon, or the plaintiff in the use thereof. The record presents the question whether the instrument should be construed as a permanent grant of the right of way, or a temporary grant or lease for the period of five years. At the trial in the district court the right of way was decreed perpetual, and relief granted accordingly. The defendant appeals.— *Affirmed.*

*Seerley & Clark* and *P. Henry Smyth,* for appellant.

No appearance for appellee.

GRANGER, J.—A contention in the case is as to the proper meaning to be given the word "granted" in the written instrument. The term "grant," in law, was originally applied to the conveyance of incorporeal hereditaments only. In modern use it has a far more extended application, and is said to be applied where anything is granted or passed from one to another. 3 Wood on Conveyances, 7; 3 Washburn on Real Property, 375. In 9 Am. and Eng. Encyclopedia of Law, 44, it is said: "A grant of real property is a conveyance by deed. A grant of personal property is a conveyance, with or without writing, upon a consideration, and accompanied by a transfer of possession." We may properly conclude that its meaning, in particular cases, is to be determined from its connection and the manner of its use. Ordinarily the grant of a thing for a consideration is a sale of it. In such a connection the word "grant" has no more apt synonym than the word "convey." We think the meaning of the instrument would not be changed if the word "convey" was substituted for the word "grant," and it is not to be doubted that a leasehold interest could be conveyed or granted. By our law it is provided that "for a deed in fee simple without warranty the following form, or its equivalent, is sufficient: 'For the consideration of —— dollars, I hereby convey to A. B. the following tract of land, [describing it].'" Code, section 1970. But in this case the instrument expresses what is granted or conveyed. It is a right of way, for railway purposes, to and from the plaintiff's grounds. If this grant had been made to the railway company when constructing its road, what would be its effect? Could it then be said that the limitation as to the time of payments was a limitation upon the right of way as to the time of its use? We think it would then be regarded as a perma-

nent grant to the use of the company, as is the case in the general construction of railway lines. We are unable to find a single instance where the word "grant" is construed as "lease," without other words to control its meaning. We see nothing on the face of the instrument to indicate that the plaintiff company was to be limited as to the time of occupancy. The clause as to payments does not specify that they are for the use of the land or right of way, but that they are in consideration of the grant. We are without doubt that on the face of the instrument there was an absolute conveyance of the right of way.

The answer contains averments that the written instrument was obtained by fraudulent representations, and also that, if it is held to grant other rights than a leasehold interest for five years, it was signed under a misapprehension and mistake, and asks that it be re-formed to conform to the intention of the parties. It is sufficient to say that the testimony is entirely insufficient to establish either the fraud or mistake. Viewed in the light of the purposes of the conveyance, the appellee's theory is the more reasonable, and there is nothing to show bad faith on the part of the company, which must be shown to establish fraud. As to the mistake, to justify a re-formation, it must have been mutual, and such a fact is not established. There are two witnesses on each side of the question, and the most that can be said is that there is a plain conflict; and while, in some respects, the defendant's witnesses seem more positive, their statements, on the whole, are not of greater weight. Such evidence is not sufficient to re-form a written contract.

The judgment of the district court is AFFIRMED.