[No. 5354.  Decided May 1, 1905.]

A. S. BLOOD, *Appellant,* v. JOHN SIELERT, *Respondent.*[1]

DEEDS—COVENANTS—BARGAIN AND SALE DEED OF TIMBER—SUB-
STANTIAL COMPLIANCE WITH STATUTORY FORM.  A deed of standing
timber using the words "has granted, bargained and sold" is a
substantial compliance with the form "bargain, sell and con-
vey" prescribed by Bal. Code, § 4520, for bargain and sale deeds,
where otherwise the form is followed, since "grant" and "convey"
used in this connection have the same meaning; and such a
deed, therefore, must under said statute be adjudged an express
covenant of seizin and warranty.

Appeal from a judgment of the superior court for Sno-
homish county, Denney, J., entered March 11, 1904, dis-
missing an action for damages for breach of covenants of
seizin and warranty, upon sustaining a demurrer to the
complaint.  Reversed.

*Hathaway & Alston,* for appellant.

*Brownell & Coleman,* for respondent.

CROW, J.—This action was instituted by the appellant,
A. S. Blood, against the respondent, John Sielert, for the
recovery of damages.  The amended complaint alleged,
that on the 17th day of January, 1903, respondent, by his
deed of that date, in consideration of $735, sold and con-
veyed to appellant all of the merchantable timber then
standing or lying on certain described real estate, in Sno-
homish county, a copy of said deed being annexed to the
amended complaint as an exhibit; that appellant paid re-
spondent said sum of $735; that on May 9, 1903, the
Snohomish Land Company, a corporation, commenced an
action in the superior court of Snohomish county, against
appellant and others, to quiet title to the land on which

1Reported in 80 Pac. 799.

said timber was situated, and that appellant then gave
notice to respondent to come in and defend; that respond-
ent did aid in defending by the payment of a portion· of
the costs; that afterwards in said action appellant was, by
order of said court, perpetually enjoined from entering
upon said land or from cutting or removing any timber
therefrom, and was damaged in the sum of $735, for which
he asked judgment. To this amended complaint, a general
demurrer was interposed, which being sustained, appellant
refused to plead further. Thereupon judgment was en-
tered dismissing the action, and from said judgment this
appeal has been taken.

In his opening brief, appellant contends that respond-
ent did not, by said deed, attempt to convey to him any
interest in real estate, but to convey said timber as a chat-
tel interest only; that said timber, being personal property,
could be conveyed either by oral agreement or by an
instrument in writing not under seal; and that, by reason
of the failure of title to said timber, respondent became
liable to him upon an implied warranty or covenant for
damages sustained. On the other hand, respondent con-
tends that the interest in the timber, so conveyed, was an
interest in real estate which could be transferred by deed
only, and that, as his said deed did not contain any cove-
nants, he was not liable for failure of title, and could not
be compelled to respond in damages. After these conten-
tions had been discussed at considerable length in the
opening and answer briefs, appellant, in his reply· brief,
contended that the deed being in form a *bargain and sale*
deed, must be held to have expressed the covenants con-
templated by Bal. Code, § 4520, which reads as follows.

"Bargain and sale deeds for the conveyance of land may
be substantially in the following form: The grantor (here

insert name or names and place of residence), for and in consideration of (here insert consideration), in hand paid, bargain, sell, and convey to (here insert the grantee's name or names) the following described real estate (here insert description), situated in the county of ——, state of Washington. Dated this —— day of ——, 18—.

"Every deed in substance in the above form shall convey to the grantee, his heirs or other legal representatives, an estate of inheritance in fee simple, and shall be adjudged an express covenant to the grantee, his heirs or other legal representatives, to wit, that any grantor was seized of an indefeasible estate in fee simple, free from incumbrance, done or suffered from the grantor, except the rents and services that may be reserved, as also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in such deed; and the grantee, his heirs, executors, administrators, and assigns, may, in any action, recover for breaches, as if such covenants were expressly inserted."

Respondent has filed additional authorities, and called our attention to the fact that the deed executed by him does not contain the words "bargain, sell and convey," found in the statute, but instead the words "has granted, bargained and sold." He insists that these words are not a substantial compliance with the requirements of said Bal. Code, § 4520, so as to make the instrument a bargain and sale deed.

If said instrument is in law a bargain and sale deed, and a substantial compliance with the requirements of said § 4520, it will be unnecessary for us to discuss the question whether the interest thereby conveyed was a chattel, or such an interest in realty as could be conveyed by deed only. In the absence of any statutory provision, many of the courts of last resort have held that the words "grant, bargain, and sell," when used in a conveyance in fee, do not imply any covenants. See, 4 Words &

Phrases, p. 3156, and cases cited. It was the evident pur-
pose of the legislature, by the enactment of said § 4520,
to provide that words therein contained, to wit, "bargain,
sell, and convey," should express a covenant that the
grantor was seized of an indefeasible estate in fee simple,
free from incumbrance, done or suffered from the grantor,
and that the grantee might in any action recover for
breaches, as if such covenants were expressly inserted.

The only question, then, to be considered is whether the
substitution of the word "grant," expressed in the deed,
for the word "convey," expressed in the statute, prevented
said deed from being a substantial compliance with the
statute. The Century dictionary defines the word "convey"
as follows:

"In law, to transfer; pass the title to by deed, assign-
ment, or otherwise: as, to *convey* lands to a purchaser by
bargain and sale."

The same dictionary defines the word "grant:"

"(a) Originally, a creating or transferring by deed;
used in reference to mere rights, estates in expectancy,
and incorporeal property, which could not be delivered.
(b) In modern use, a conveyance in writing of such things
as cannot pass or be transferred by word only as land,
rents, reversions, tithes, etc."

In Shumaker & Longsdorf, Cyclopedic Law Dictionary,
the word "grant" is defined as follows:

"In modern law, a general term including all sorts of
conveyances. 4 Mason (U. S.) 69."

From these definitions it will appear that the terms
"convey," or "conveyance," and the word " grant," when
used in instruments intended to alienate or transfer real
estate, have substantially the same meaning. The supreme

court of Iowa, in *Des Moines etc. Soc. v. Tubbessing,* 87 Iowa 138, 54 N. W. 68, uses the following language:

"The term 'grant,' in law, was originally applied to the conveyance of incorporeal hereditaments only. In modern use it has a far more extended application, and is said to be applied where anything is granted or passed from one to another. 3 Wood, Conv. 7; 3 Washb., Real Prop. 375. In 9 Am. & Eng. Ency. Law 44, it is said: 'A grant of real property is a conveyance by deed.' A grant of personal property is a conveyance with or without writing, upon a consideration, and accompanied by a transfer of possession. We may properly conclude that its meaning, in particular cases, is to be determined from its connection and the manner of its use. Ordinarily the grant of a thing for a consideration is a sale of it. In such a connection the word 'grant' has no more apt synonym than the word 'convey'. We think the meaning of the instrument would not be changed if the word 'convey' was substituted for the word 'grant,' . . ."

See, also, *Lambert v. Smith,* 9 Ore. 185.

We think the use of the word "grant" in the deed, instead of the word "convey," was a substantial compliance with the statute. An examination of the deed shows that, with the exception stated, it closely follows the statutory form prescribed for a bargain and sale deed. As in our opinion the deed is a substantial compliance with the statute, we are warranted in holding that—even though we assume the argument of respondent to be correct, to the effect that only an interest in real estate was conveyed—yet the deed by operation of law did express the statutory covenants. This being true, the amended complaint alleged a breach of such covenants by respondent, and stated a cause of action.

The superior court erred in sustaining the demurrer to

the complaint. The judgment is reversed, and the cause remanded for further proceedings.

MOUNT, C. J., ROOT, RUDKIN, and DUNBAR, JJ., concur.

FULLERTON and HADLEY, JJ., took no part.