DALTON, Appellant v. SNYDER, Respondent.

(179 N. W. 493.)

(File No. 4751.   Opinion filed October 18, 1920.)

1. **Appeals—Error—Assignment, Specifications of Error Re Evidence—Evidence Supporting Findings, No Prejudicial Error.**

    Where appellant assigned errors in admission of evidence, specifying particulars, re failure to support findings, held, no error appearing in rulings, and evidence clearly preponderating in support of findings, the question merits no further consideration.

2. **Vendor and Purchaser—Vendor's Suit to Annul Sale, Or Reform Contract to Conform Written Contract to Oral—Defendant Seeking Specific Performance—Interest Rate Unspecified—Statute Supplying Same.**

    In a suit by vendor to annul a land sale, or if parties' understanding could be ascertained, for reformation of a written contract which plaintiff claimed differed from the oral agreement in that the former, which he inadvertently signed, provided in part merely for payment of a specified part of the purchase money on a given date, the latter providing that said

payment should be made by depositing the money in a specified bank on time certificate bearing interest; defendant seeking specific performance; held, that plaintiff's motion at close of testimony, to dismiss defendant's prayer for relief because the contract on its face is incapable of specific performance in providing for a mortgage on the land for a specified sum, without specifying rate of interest or maturity date for interest, and because undisputed evidence shows defendant agreed to assume and pay the existing mortgage on the premises, which mortgage is not referred to or assumed in the contract, and because contract is incapable of specific performance, for indefiniteness,— was properly overruled; since, nothing to the contrary appearing, the written contract would be construed as providing for a mortgage running to vendor as mortgagee, as it in effect provides for interest payable annually from November 1, the apparent date for closing the deal; and, as contract provides for interest without naming rate, the statute supplies the rate; hence the contract as written was enforceable.

3.   Specific Performance—Land Sale, Oral Contract for Assumption of Existing Mortgage, Written, For Payment Balance by Mortgage, Provisions Re Interest Identical—Judgment Below Conforming to Oral Agreement—No Error.

The fact that a written contract for land sale differed from the parties' oral contract in that under the latter vendee was to assume an existing mortgage thereon, while the written contract provided for payment of balance of purchase money by mortgage due in three years, but without specifying interest rate, is no ground for refusing specific performance, since in effect the writing merely provides for paying off the existing mortgage through the vendee. Moreover, such alleged variance is immaterial, the judgment below being one reforming the contract to accord with oral agreement and then to enforce it as reformed

4.   Reformation of Contracts—Land Sale, Written Contract Varying From Oral Re Manner of Paying Existing Mortgage—No Fraud, Variance, Unintentional Variance as Mutual Mistake, Effect.

Plaintiff, in a suit to annul a written land sale contract for variance with an oral contract wherein the latter provided for assumption by vendee of an existing mortgage while the writing provided for payment of balance of purchase money by mortgage, may not resist defendant's prayer for specific performance on the ground of fraud or mistake concerning the written contract; his contention that where evidence is conflicting concerning fraud or mistake, reformation of the contract is not maintainable, being erroneous; moreover, no evidence of fraud is shown, there being no dispute as to the real agreement, since

if the provision concerning payment of the balance of purchase money did not agree with the terms of an existing mortgage on the land, yet clearly the variance was unintentional and the result of mutual mistake; vendor not claiming want of knowledge of the provisions relating to payment of said balance.

5. **Reformation of Contracts—Land Sale Oral Agreement Re Assumption of Existing Mortgage, Writing Providing for Payment by Vendee's Mortgage—Actual Mutual Understanding of Written Provision—Judgment for Conveyance Subject to Mortgage—No Error.**

In a suit by vendor to annul a land sale contract, defendant praying for specific performance, the written contract providing for payment of balance of purchase money through vendee's mortgage, while the oral agreement was for assumption by him of an existing mortgage, trial court properly decreed specific performance and a conveyance to vendee; the effect of the decree being to place the property in vendee's hands subject to the mortgage; both parties having understood the provisions for paying the balance of purchase money; and the written contract was properly reformed accordingly, no fraud appearing.

Smith and Gates, JJ., not sitting.

Appeal from Circuit Court, Edmunds County. Hon. Joseph H. Bottum, Judge.

Action by Samuel Dalton, against W. J. Snyder, for annullment of a written contract for sale of realty, or for reformation and specific performance if admissible; defendant praying specific performance. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed, with suggestion that judgment be modified.

*Van Slyke & Agor*, for Appellants.

*H. L. Woodworth*, and *Ed. L. Grantham*, for Respondent.

(4) To point four, Appellant cited: Des Moines County Agricultural Society v. Tubessing, 54 N. W. 68, 87 Ia. 138.

(5) To point five: Appellant cited: Kruse v. Koelzer, 102 N. W. 1072, 124 Wis. 536.

WHITING, J. Plaintiff entered into a written contract whereby he covenanted to sell and convey to defendant certain lands in this state. Alleging that this contract was procured through the fraud of defendant plaintiff brought this action, setting forth what he alleged to have been the oral agreement and the acts of fraud which he alleged were practiced upon him caus-

ing him to become a party to a contract different from said oral agreement. In his prayer for relief, as the same appears in the printed record, he asks that said contract "be canceled and annulled and held for naught, and vacated and set aside, and that in event perpetrated to vitiate the said contract, that the same be reformed in keeping with the understanding of the parties, if such could be ascertained, * * * " It is apparent that there was an error in the use of the word "perpetrated" in copying the prayer for relief into the printed record, but we deem it clear that plaintiff prayed for alternative relief, cancellation of the written contract, or, in lieu of cancellation, if the court denied that relief, reformation of such contract. Defendant denied the charge of fraud, alleged partial performance, offered full performance, and prayed specific performance of contract. Trial was had to the court without a jury. Findings, conclusions, and judgment were in favor of defendant, and plaintiff has appealed from the judgment and from an order denying a new trial.

[1] Appellant has assigned errors in the admission of evidence and specifies particularly wherein he claims that the evidence fails to support the findings. That there was no prejudicial error in the rulings upon admission of evidence is too clear to admit of discussion, and the assignments in relation thereto present no question meriting our further consideration. The clear preponderance of the evidence supports the findings of the trial court.

There is practically no dispute as to the facts except upon one point. The written contract provided for a payment of $4,-000 to be made on November 1, 1919. Then followed this provision:

"The $4,000.00 are to be deposited with Farmers' State Bank on certificate of deposit due in five years at 5 per cent. interest, payable each year."

Appellant swore that this provision was not in the contract when he signed it, and this alleged fact forms the sole basis of his charge of fraud. There is no dispute as to what land was intended to be covered by the contract, and appellant frankly admits that he would have carried out the contract if it had not contained the above-quoted clause. The trial court was clearly justified in finding against appellant on the issue of fraud.

It appears without dispute that appellant owned about 1·18 acres in a certain quarter section of land, and that respondent contracted to purchase it for $7,600, of which $660 was to be paid in cash at date of contract; $4,000 to be paid on November 1, 1919, and respondent to assume a mortgae of $2,940 then against the land. The exact description of the land was unknown to the parties, and respondent testified that it was understood that he should describe the whole quarter in the contract, and that a survey should afterwards be had, and the deed when executed describe only the land owned by appellant. Appellant admits he read the contract, does not deny that he knew how it was worded so far as description of land was concerned, and makes no claim of fraud in such misdescription. As above noted, the only complaint he ever made against the wording of the contract related to the provision for depositing the $4,000 in the bank.

While it is conceded by both parties that the oral agreement was that respondent should assume a mortgage of $2,940 then against said land, the written contract, after providing for the $660 and $4,000 payments as above, read:

"Balance mortgage $2,940 due three years from date, with privilege of paying $100.00 or any multiple thereof on any interest period, with interest, on deferred payments, at ——— per cent. from ———, payable annually."

Appellant, at the close of the testimony, moved to dismiss respondent's prayer for specific performance because:

'Contract * * * shows upon its face that it is not capable of specific performance, in this, that it provides for a mortgage of $2,940, due in three years, without specifying any rate of interest, and without specifying any maturity date for the interest, and for the reason that the undisputed evidence shows that the defendant Snyder, agreed to assume and pay the mortgage now upon the premises for $2,940, and which mortgage is not referred to in any wise in the contract, nor is it assumed therein, and for the reason that the contract is vague and indefinite and not capable of specific performance."

[2] The motion, so far as same was based upon the above grounds, was properly overruled. Nothing to the contrary appearing, the contract would be construed as providing for a mortgage running to the vendor as mortgagee. It in effect provides

for interest payable annually from November 1, the apparent date for closing the deal. Inasmuch as the contract provides for interest without naming the rate, the statute supplies the rate. From the above it follows that the contract as written was not so uncertain as to render it unenforceable.

[3] Appellant sought dismissal because the written contract differed from the oral contract, in that, under the oral contract, respondent was to assume the mortgage then in existence. For all that the record shows the conditions of the written contract as to times of payment and rate of interest were exactly the same as those of the existing mortgage, so that the writing merely provides for paying this mortgage off through the medium of the appellant. But this question of alleged variance becomes immaterial, because, if there was variance, the effect of the court's judgment was to reform the contract to agree with the confessed terms of the oral agreement and then enforce the contract as so reformed. The judgment provided for the conveyance of the premises to respondent, the effect of which is to place this property in his hands, subject to the mortgage. The only errors of the court were in not directing that respondent should be personally liable for such mortgage debt and in not directing that the deed executed in carrying out its judgment contain a provision that the grantee assumes the said mortgage indebtedness. Appellant, however, has not complained of the omission of these provisions from the judgment.

[4] Regardless of the fact that appellant himself asked, as alternative relief, that the written contract be reformed, he now contends that such written contract could not be reformed either because of fraud or mistake where the evidence to support the fact of fraud or mistake is conflicting, and he cites in support of such proposition Des Moines County Agricultural Society v. Tubbessing, 87 Iowa, 138, 54 N. W. 68. There are several answers to such contention: The law is not as above claimed and the case cited does not so hold. There is absolutely no evidence to support any claim of fraud in the wording of those portions of the contract which were, in effect, reformed by the trial court. There is no dispute as to what the real agreement was, and if, in fact, the provision relating to the payment of the $2,940 did not agree with the terms of the mortgage, it is perfectly clear

that the variance was unintentional and the result of mutual mistake. Appellant makes no claim that he did not know at all times the provisions of the written contract relating to the payment of this $2,940.

[5]   Appellant contends that the only reformation that can be made is to conform the wording of the instrument to the wording which both parties intended, and that the contract was written by respondent just as he intended to write it, respondent being in no manner controlled by mistake, accident, or oversight in erroneously drafting same. It is practically undisputed that both these parties knew, at the time the written contract was executed, just how the land was described therein.and the provisions for paying the $2,940. It is only in respect to these two things that the court, in effect, reformed the contract. It certainly would be a strange rule of law that would forbid the reformation of a contract to conform to the real intent of the parties as frankly admitted by both where, without fraud on the part of either, the parties had made certain errors in reducing their agreement to writing. Such is not the law.

The judgment and order appealed from are affirmed, with the suggestion that the judgment be modified to the extent hereinbefore noted.

SMITH and GATES, JJ., not sitting.