STATE, EX REL. HICKEY, ET AL., RELATORS, *v.* SECOND JUDICIAL DISTRICT COURT, ET. AL., DEFENDANTS.

[No. 1,497.]

[Submitted January 19, 1900.   Decided February 9, 1900.]

*Mandamus to Court—Dissolution of Injunction—Discretion.*

A *mandamus* will not issue to compel a court to hear a motion to dissolve or modify an interlocutory injunction granted on order to show cause, based on the discovery of additional evidence tending to establish facts alleged in opposition to the injunction where the motion to modify is based upon the same facts and rests upon the same grounds as those which had been presented in opposition to the granting of the injunction, and where the privilege of applying for such dissolution or modification was not reserved in the order granting the injunction; such hearing being in the discretion of the court.

APPLICATION by the state of Montana, on the relation of Edward Hickey and others, for a peremptory writ of *mandamus* against the district court of the Second Judicial district of the state of Montana, in and for the county of Silver Bow, and the judges of said court, requiring said court and its judges to hear and decide a motion to dissolve an interlocutory injunction.    Denied.

*Mr. R. B. Smith, Messrs. McHatton & Cotter* and *Messrs. Clayberg & Corbett,* for Relators.

*Mr. T. J. Walsh,* for Defendants.

**PER CURIAM.**    *Mandamus.*    The relators are the defendants in an action pending in the district court of Silver Bow county, wherein the Washoe Copper Company is the plaintiff, and in which the plaintiff alleges ownership of the Oden lode

claim, and the defendants aver their ownership in five-thirty-sixths of the Nipper lode claim, adjoining the Oden on the north.   In that action the plaintiff alleges that the defendants, by means of underground workings, had penetrated the boundaries of the Oden lode claim beneath its surface, and were mining and extracting valuable ores therefrom, and, upon the filing of the complaint, obtained an order requiring the defendants to show cause why they should not be restrained from mining within vertical planes drawn downward through the boundary lines of the Oden lode claim, and at the same time obtained a peremptory restraining order.   Thereafter, the application for the injunction *pendente lite*, and order to show cause why it should not be granted, was heard upon affidavits and oral testimony.   It was contended by the plaintiff that the vein which defendants were then working passed obliquely out of the Oden lode claim into the Nipper lode claim, through its south side line, at a point about 100 feet west of its southeast corner, and that, pursuing such oblique course, the vein passed out of the north side line of the Nipper lode claim, and that therefore defendants were not entitled to extract ore therefrom beyond the south side line of the Nipper claim; defendants, on the other hand, contended that the vein traversed the Nipper lode claim from east to west, passing through both end lines.   The court, upon the evidence adduced, continued in force the restraining order, and directed an injunction *pendente lite* to issue as prayed for upon the filing of a bond.   The bond was given, and on May 27, 1899, the order of interlocutory injunction was made.   Attempted appeals from the restraining order and order of injunction were dismissed by this court in *Washoe Copper Co.* v. *Hickey,* *ante* p. 319, 58 Pac. 866.   On November 21, 1899, the defendants filed in that action a motion for a dissolution or modification of the interlocutory injunction, supporting the motion by an affidavit of one Tower to the effect that since the injunction was granted certain development work had been done, which tends to establish the contention which the defendants made on the hearing of the order to show cause.

The plaintiff objected to the court's entering upon a hearing of the defendant's motion to dissolve in part or modify, upon the ground that the injunction had been granted after notice and a full hearing; the court sustained the objection, and refused to entertain the motion to dissolve. The defendants then applied to this Court for an alternative writ of mandate to compel the district court and its judges to hear and decide the motion to modify the injunction, which alternative writ was issued. Upon the return and answer showing the foregoing facts, the relators ask for a peremptory writ.

It must be denied for the reason that, in the circumstances disclosed, it is not the duty of the court or judge to entertain the motion for a modification. There was no change in the facts between the time when the hearing was had and the time when the motion to modify was made,—that is to say, the latter motion is based upon the same facts and rests upon the same grounds as those which the defendants had theretofore presented in opposition to the granting of the injunction. Neither the defendants' contention nor their defense is altered; they desire to be again heard because they were now able, as is averred, to produce evidence of the existence of facts which they alleged existed at the original hearing, but had (in the opinion of the district court) then failed to establish. The facts are not different; the defendants have but secured additional evidence tending to prove them. The court or judge is not required to entertain a motion to dissolve or modify an interlocutory injunction granted upon notice or order to show cause, where the motion is based upon no other grounds or ultimate facts than those already urged in opposition to the order of injunction. This statement is but the enunciation of an elementary doctrine of the law, and is recognized in Section 878, Code of Civil Procedure, as well as in *Jones* v. *Thorne*, 80 N. C. 72; *Natoma Water Co.* v. *Clarkin*, 14 Cal. 544; *Natoma Water Co.* v. *Parker*, 16 Cal. 83; *Curtis* v. *Sutter*, 15 Cal. 260; *France* v. *France*, 8 N. J. Eq. 619. If the defendants desired the privilege of applying for a dissolution or modification upon the discovery of additional evidence, the

right to do so should have been created by and reserved in the order granting the interlocutory injunction.

We do not decide whether the district court or its judge is without jurisdiction to entertain the motion the hearing whereof the defendants ask this court to compel; it is sufficient to say that a hearing cannot successfully be demanded as a right. If the court or its judge is without jurisdiction, the motion cannot rightly be heard; if there is jurisdiction, permission to make the motion may be given or withheld in the discretion of the court or its judge, there being no reservation of the privilege to apply for a dissolution or modification. Here the permission was refused, and this Court cannot properly interfere to compel the granting of leave to apply for a dissolution in part or modification; so it is unnecessary to express any opinion on the question of jurisdiction to hear the application of defendants.

The motion for a peremptory writ is therefore denied, and the proceeding dismissed. Judgment is ordered to be entered accordingly.

*Denied.*