MONTGOMERY, APPELLANT, *v.* GILBERT ET AL.,
RESPONDENTS.

[No. 1,215.]

[Submitted April 17, 1900. Decided April 23, 1900.]

*Injunction—Dissolution—Damages—Attorney's Fees.*

An attorney's fee expended in procuring a dissolution of a restraining order is contemplated by the bond given on the issuing of the injunction.

*Appeal from District Court, Deer Lodge County; Theo. Brantly, Judge.*

ACTION by Lee Montgomery against Harris P. Gilbert and others. From a judgment in favor of plaintiff, he appeals. Reversed.

*Mr. E. Scharnikow,* for Appellant.

**PER CURIAM.**—Appeal by the plaintiff from a judgment in his favor for $42, rendered on the verdict of a jury in an action upon an undertaking given by the defendant Gilbert to the plaintiff in the case of Gilbert against Montgomery to protect the plaintiff against damages arising from a temporary restraining order therein issued. The restraining order was afterwards dissolved, and the case was finally dismissed. Among the allegations of the complaint in the present action is one to the effect that the plaintiff paid $100 to an attorney for his services in the matter of procuring the dissolution of the restraining order. Upon the trial there was evidence tending to establish this allegation, and the court was asked to instruct the jury that in estimating the damages they should allow to the plaintiff such reasonable sum as he had paid for an attorney's fee in procuring a dissolution of the restraining order. The court refused so to instruct, and charged the jury that the plaintiff was not entitled to recover any attorney's fee, as the attorney's fee paid was an expense not contemplated by the sureties upon the undertaking, and that, there-

fore, they were not liable. In this there was misdirection and prejudicial error. (*Miles* v. *Edwards et al.*, 6 Mont. 180, 9 Pac. 814; *Creek* v. *McManus et al.*, 13 Mont. 152, 32 Pac. 675; *Cook* v. *Greenough et al.*, 14 Mont. 352, 36 Pac. 357.)

The judgment is therefore reversed, and the cause remanded, with instructions to grant a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly, being disqualified, did not participate in the foregoing decision.