BUTTE CONSOLIDATED MINING CO., Respondent *v.* FRANK et al., Appellants.

[No. 1538.]

ON MOTION TO DISMISS APPEAL.

[Submitted November 17, 1900. Decided December 3, 1900.]

*Mines and Mining—Injunction—Interlocutory Order—Motion to Modify—Appeals—Appealable Order.*

1. As a general rule an appeal does not lie from an order refusing to vacate, dissolve, or modify a former order which is itself appealable; but to this rule there are some exceptions.
2. There is no statute or law permitting the new trial of a motion, and an appeal may not be prosecuted from an order denying a motion not authorized by law.
3. An order granting an interlocutory injunction made on due notice and after a full hearing is regular, though it may be erroneous; and hence is not subject to motion to modify on the same facts.
4. Plaintiff, the owner of a nonpatented placer claim, obtained an interlocutory injunction restraining defendants from trespassing on its claim, or prosecuting any mining or development work thereon. Defendants asserted in opposition thereto that they had made discovery of a quartz lode within the limits of plaintiff's claim, that they caused a location notice to be placed at the point of discovery, and began a shaft on the vein. It was an existing fact before the court at the hearing when the injunction was granted that defendants had not completed the location of their lode claim, but the order did not preserve the privilege of moving for a modification should defendants decide to do so, and thereafter defendants' assignee moved to modify the order so as to permit it. *Held*, that the motion was based on the same facts on which the previous order was granted, and was, therefore, unauthorized, and hence an order refusing to modify was not appealable.
5. In cases where there is a substantial conflict in the evidence with respect to the existence of or the title to veins, and in which orders of injunction are granted, district courts should preserve, in such orders, to the parties enjoined, the privilege of completing the location of mining claims, and the doing of the annual representation work thereon (as the case may be) upon such terms as the circumstances may require for the protection of all the parties.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

INJUNCTION by the Butte Consolidated Mining Company against Louis Frank and another. From an order refusing to modify an interlocutory injunction, defendants appeal. Dismissed.

*Mr. John B. Clayberg, Mr. F. E. Corbett,* and *Mr. Geo. M. Bourguin,* for Appellants.

*Messrs. McHatton & Cotter,* and *Messrs. Stapleton & Stapleton,* for Respondent.

**MR. JUSTICE PIGOTT** delivered the opinion of the Court.

This is an appeal by the defendants from an order refusing to modify an interlocutory injunction. The plaintiff moves a dismissal of the appeal upon the ground that it is an attempted appeal from an order refusing to modify an appealable order. The facts pertinent to the pending motion may be thus

epitomized: The plaintiff owns the Bordeaux placer, a non-patented mining claim, and sued to obtain an injunction restraining the defendants from trespassing upon and extracting . or removing ore or minerals therefrom, or prosecuting any mining or development work thereon. The defendants assert that on November 6, 1899, they made within the limits of the Bordeaux placer claim discovery of a quartz lode, which they named the Cincinnati, bearing gold, silver, and copper; that they caused a location notice to be placed at the point of discovery, and began to sink a shaft upon the vein. Upon the filing of the complaint and presentation of an affidavit in its support, an order was made on December 9th, without notice, that the defendants show cause why an injunction *pendente lite*, should not issue as prayed, the defendants being meanwhile restrained. Upon the coming in of the answer and accompanying affidavits, the court, upon motion of the defendants, ordered the plaintiff to show cause why the restraining order should not be dissolved. On January 13, 1900, the two orders to show cause were heard upon the pleadings, affidavits, and oral testimony, and on January 20th an order was entered denying the motion of the defendants to dissolve the restraining order, and granting an injunction pending the action, as prayed for by the plaintiff. Thereafter, and on January 29th, one Gemmell filed his verified petition, alleging, in substance, that on January 25, 1900, he purchased the Cincinnati lode claim from the defendants; that when they were enjoined on December 9, 1899, the defendants had not sunk a 10 foot shaft, or its equivalent, nor defined the boundaries, nor filed the declaratory statement required by law, and that, therefore, they had not completed the location of the Cincinnati lode claim; that the time within which the location must be completed would expire with February 4, 1900; and moved that the order of January 20th be so modified as to permit him to complete the location. The petition was heard on February 3, 1900; both Gemmell and the plaintiff appeared; with the exception of the verified petition mentioned, no evidence was given other than that which had been received at the hear-

ing of January 13 on the orders to show cause. The petition was denied, and an order entered refusing to modify the injunction. This is the order from which the present appeal is prosecuted.

The plaintiff contends that the order of February 3d is not appealable, because it is an order refusing to modify a former order which was itself appealable. By virtue of Section 1722 of the Code of Civil Procedure, as amended by House Bill No. 124 of the session of 1899 (Laws of 1899, p. 146), an appeal may be taken to the Supreme Court from an order granting an injunction. The order of January 20th was, therefore, appealable. This section provides also that an appeal may be taken to this Court from an order refusing to dissolve an injunction. Refusal to modify is refusal *pro tanto* to dissolve. The latter provision must be examined in connection with, and interpreted in subordination to, the rule that an appeal will not lie from an order denying a motion which the law does not authorize to be made, though the order would otherwise be appealable. Was the motion to modify the injunction one which the law permitted the defendants or Gemmell to make? Sections 870 to 881, inclusive, of the Code of Civil Procedure, are devoted to the subject of injunction. In none of these sections is it provided that a temporary injunction order granted with notice may be dissolved or modified by the district court or its judge. Sections 878 and 879 provide that, if an injunction order be granted without notice, the defendant may move a dissolution or modification thereof, and that the court may dissolve or modify such an injunction order,—the manifest implication of these sections being that, unless authority therefor exist elsewhere in the law, an application for the dissolution or modification of an injunction granted upon notice will not lie, and that an injunction order so granted must stand, so far as the power of the district court is concerned, until the cause in which it was granted is tried. As we have said, these sections are silent touching the dissolution or modifications of injunctions granted with notice, and so the question whether a motion may be made to dissolve or

modify an injunction granted with notice is to be determined
by applying to the facts of the given case the controlling rules
of the unwritten law.

The party against whom an appealable judgment or order
has been made, or who is aggrieved thereby, may not appeal
from an order refusing to vacate, dissolve or modify it. Such
is the general rule, the basis of which is the principle that
there must be an end to litigation, and hence some point at
which the right or privilege of vacating or changing a de-
cision or of having it reviewed ceases to exist.    (Hayne, New
Trial & App. Sec. 199, and authorities cited.)    Having had
his day in court and an opportunity to be heard, the losing
party must directly attack the decision by appeal, if it be ap-
pealable, and cannot assail it indirectly by means of a motion.
No man ought to be twice vexed by one and the same cause.
The reason underlying the general rule seems to be recog-
nized, in part at least, in Section 1742 of the Code of Civil
Procedure, which, in effect, prohibits the supreme court from
reviewing on appeal from a judgment any decision or order
from which an appeal might have been taken; and, while this
section makes reference only to appeals from judgments, the
principle applies as well to appeals from orders.    To the gen-
eral rule there are exceptions, some of statutory and others of
common-law origin.    Any special order made after final judg-
ment in a civil action is, by Subdivision 2 of Section 1722, *su-
pra*, declared to be appealable, and therefore, if such an order be
made under the authority of Section 774 of the Code of Civil
Procedure, refusing to relieve a party from a judgment, order
or other proceeding taken or alleged to have been taken
against him through his mistake, inadvertence, surprise or
excusable neglect, an appeal may be taken therefrom, although
the decision which the court refused to vacate was itself ap-
pealable.    The right to appeal from an order refusing a new
trial is also an exception to the rule, for the statutes permit
such an appeal notwithstanding the party possesses the privi-
lege of appeal from the judgment.    In each of these cases the
statute authorizes the appropriate motion to be made though

the decision sought to be set aside is itself appealable. When the reason of a rule ceases, so should the rule itself, and therefore orders refusing to set aside or modify appealable orders which were granted *ex parte* and without notice are also among the exceptions, for in such cases there is usually no opportunity for the party against whom the original order was made either to present or preserve his rights at the time, and he must move to vacate or modify it, so that, on appeal from the order denying his motion, there may be a record disclosing the facts in his favor as well as those against him. Another exception consists of orders refusing to set aside, in whole or in part, appealable decisions irregularly or inadvertently made. Perhaps still another exception comprises orders refusing to dissolve interlocutory injunctions granted with notice, where, since the order of injunction was granted, there has occurred such a substantial change in the facts as to present a ground which did not exist at the time of the first hearing. This last probable exception was adverted to in *State ex rel. Hickey et al.* v. *Second Judicial District Court*, 23 Mont. 564, 59 Pac. 917. In each of these cases also authority of law exists for the interposition of the proper motion despite the appealable character of the original order or judgment. There are, doubtless, other exceptions to the general rule, which was announced in *Beach et al* v. *Spokane Ranch & Water Co.* 21 Mont. 7, 52 Pac. 560, and which is adhered to in the present case.

The defendants argue that the order of January 20th granting the injunction was irregular. But we hold otherwise. The order was made upon due notice, and after a full hearing; though it may have been erroneous, it was regularly heard and granted. The defendants insist also that the facts presented in support of the motion to modify differed from those shown on the hearing which resulted in the order sought to be modified. We do not agree with them. The facts presented upon the motion to modify were the same as, and none other than, those which existed (and were known to the defendants) at the time the hearing of January 13th was had, and when

the order was granted on January 20th. We say the facts were the same, for the acquisition by Gemmell on January 25th of whatever title the defendants then had to the Cincinnati lode claim could not properly be considered a reason for modifying the injunction order of January 20th. He became merely the successor to the defendants, and was invested with such rights, and such rights only, as they had; these rights, so far as the order granting the injunction *pendente lite*, could determine them, had already been adjudicated adversely to the defendants. That the defendants had not completed the location of the Cincinnati lode claim was a fact existing (and before the court) when the order granting the injunction was made. There was no provision in the order of January 20th for preserving to the defendants the privilege of moving for a modification in the event they decided to complete the location of the Cincinnati lode claim. Under these circumstances, Gemmell's petition was to all intents a motion for the new trial of a motion which had been granted with notice, based upon the same evidence exhibited at the original hearing. There is no statute or law permitting the new trial of a motion (*Beach* v. *Spokane Ranch & Water Co. supra*), and an appeal may not be prosecuted from an order denying a motion not authorized by the law.

Examination of the opinion in *Bluebird Min. Co.* v. *Murray*, 9 Mont. 468, 23 Pac. 1022, discloses that it is not in point upon the question presented in the case at bar. In the first place, the question here involved was not there raised or considered; secondly, in the Bluebird Case an injunction pending the litigation was granted in favor of the plaintiff and against the defendants. The defendants applied for an order of inspection, survey, and examination under the statutes. The application was granted, and the plaintiff appealed from the order allowing development work to be performed for the purpose of ascertaining the apex of the vein in controversy. It is to be noted that the first order was in favor of the plaintiff. It was not aggrieved, and there was nothing from which it could appeal, for it had obtained all that it asked for. The

second order modified, and thereby dissolved *pro tanto*, the first order, and hence was an order against the Bluebird Company, and from this order it appealed.    In the case now before us the first order was in favor of the plaintiff and against the defendants, and the second order, from which this appeal is taken, was also in favor of the plaintiff and against the defendants.

We deem it proper to suggest that in cases where there is a substantial conflict in the evidence with respect to the existence of or the title to veins, and in which orders of injunction are granted, districts courts would seldom commit an abuse of discretion by preserving, in such orders, to the parties enjoined, the privilege of completing the locations of mining claims, and the doing of the annual representation work thereon (as the case may be), upon such terms as the circumstances may require for the protection of all the parties.

The remedy of the defendants is or was by appeal from the order granting the injunction, and not from the subsequent order of February 3d refusing to modify it.    The latter order is not one from which an appeal lies.    The motion to dismiss is therefore granted.

*Dismissed.*