THE HON. WILLIAM L. HOLLOWAY, } Associate Justices.
THE HON. CHARLES H. COOPER,

McDERMOTT ET AL., APPELLANTS, *v.* AMERICAN BONDING
Co., RESPONDENTS.

(No. 3,981.)

(Submitted March 20, 1919. Decided April 14, 1919.)

[179 Pac. 828.]

*Suretyship—Injunction Bonds—Measure of Damages—Attorneys' Fees—Interest—Court Costs—Witness Fees.*

Action on Injunction Bond—Measure of Damages.
1.  The measure of damages in an action on an injunction bond is the amount which will compensate for all the detriment proximately caused by the injunction during the time it was in operation, or which in the ordinary course of things was likely to result therefrom.

Same—Attorney's Fees Recoverable.
2.  Attorney's fees paid or contracted to be paid in, securing the dissolution of an injunction, recoverable as damages in an action on the injunction bond are to be limited to compensation for services rendered before a hearing of the cause on the merits, except where a trial of the merits is the only available means of testing

Authorities discussing the question of recovery on injunction bond of attorney's fees necessarily expended in dissolving the injunction are collated in notes in 16 L. R. A. (n. s.) 49, and 33 L. R. A. (n. s.) 844.

56 Mont.—1           (1)

plaintiff's right to the injunction, or where timely motion to dissolve has been made but decision withheld until trial upon the merits.

[As to recovery of counsel fees as damages upon dissolution of injunction, see note in Ann. Cas. 1912D, 715.]

Injunction *Pendente Lite*—Motion to Dissolve—When Unauthorized.
3. Where an injunction *pendente lite* was issued after notice and a hearing, a motion to dissolve prior to trial upon the merits was unauthorized; such motion being available only, under section 6650, Revised Codes, where the writ issues without notice.

Same—Bond—Liability of Sureties Attaches, When.
4. Where a motion to dissolve an injunction *pendente lite* was not made because not authorized by law, the decision made by the court when the trial of the case on the merits was concluded and the injunction dissolved was the final decision (Rev. Codes, sec. 6646), upon the making of which the sureties on the injunction bond had bound themselves to pay damages flowing from the wrongful issuance of the writ.

Same—Interest—When Recoverable.
5. Whenever the direct and proximate effect of an injunction wrongfully issued is to deprive the party enjoined of the use of money which belongs to him, interest thereon at the legal rate for the time the money was impounded may be recovered by way of damages in an action on the injunction bond.

Same—Damages Recoverable—Court Costs—Witness Fees.
6. Court costs and witness fees necessarily incurred in procuring the dissolution of an injunction wrongfully issued are properly recoverable in an action on the bond.

*Appeal from District Court, Silver Bow County; J. B. Mc-Clernan, Judge.*

Actions by Peter T. McDermott and wife against the American Bonding Company of Baltimore. From the judgment rendered, both parties appeal. Remanded, with directions to modify judgment in favor of plaintiffs.

*Mr. John E. Corette* and *Mr. Carl J. Christian,* for Appellant Bonding Company, submitted a brief as well as one in reply to that of Respondents; *Mr. Christian* argued the cause orally.

The case of *Parker* v. *Bond,* 5 Mont. 1, 1 Pac. 209, which was an action on an injunction bond, is in point here. In the case in which the injunction bond had been given, a dissolution of the temporary injunction was procured before the trial of the case on the merits. In the action on the injunction bond one of the items of damage claimed was attorney's fees, but no attempt was made in the evidence to segregate the fees paid for

procuring a dissolution of the injunction and those paid for the trial of the case.   The court held that no attorney's fees were recoverable in the action brought on the injunction bond.   (See, also, *Campbell* v. *Metcalf*, 1 Mont. 378; *Jameson* v. *Bartlett*, 63 Neb. 638, 88 N. W. 860; *Church* v. *Baker*, 18 Colo. App. 369, 71 Pac. 888; *Mitchell* v. *Hawley*, 79 Cal. 301, 21 Pac. 833; *Quinn* v. *Silka*, 19 Colo. App. 507, 76 Pac. 555; *Collins* v. *Huffman*, 48 Wash. 184, 93 Pac. 220; *Curtiss* v. *Bachman*, 110 Cal. 433, 52 Am. St. Rep. 111, 42 Pac. 910; *Chicago, A. & N. R. Co.* v. *Whitney*, 143 Iowa, 506, 121 N. W. 1043; *State* v. *Taylor*, 67 W. Va. 585, 68 S. E. 379.)

The following cases hold that costs generally incurred in the case are not recoverable, and no costs can be recovered under the injunction bond, except those incurred relative to the injunction itself.   (*Williams* v. *Ballinger*, 125 Iowa, 410, 101 N. W. 139; *Bullard* v. *Harkness*, 83 Iowa, 373, 49 N. W. 855; *State* v. *Taylor*, 67 W. Va. 585, 68 S. E. 379; *Tyler* v. *Hamilton*, 108 Ky. 120, 55 S. W. 920; *Colusa Parrot Min. etc. Co.* v. *Barnard*, 28 Mont. 11, 17, 72 Pac. 45.)

*Messrs. Roote & Hopkins* and *Messrs. Walsh, Nolan & Scallon*, for Respondents, submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

Reasonable counsel fees may be included in estimating the damages in an action on an injunction bond when the injunction has been improperly or wrongfully sued out and the counsel fees were paid or agreed to be paid for procuring the dissolution of the injunction.   (*State ex rel. Kloak* v. *Corvin*, 51 W. Va. 19, 41 S. E. 211; *Miller* v. *Donovan*, 13 Idaho, 735, 13 Ann. Cas. 259, 92 Pac. 991; *Albers Commission Co.* v. *Spencer*, 236 Mo. 608, Ann. Cas. 1912D, 705, 139 S. W. 321; *Jackson* v. *Millspaugh*, 100 Ala. 285, 14 South. 44; *Binford* v. *Grimes*, 26 Ind. App. 481, 59 N. E. 1085; *Mulvane* v. *Tullock*, 58 Kan. 622, 50 Pac. 897; *Gibson* v. *Reed*, 54 Neb. 309, 75 N. W. 1085; *Keith* v. *Henkleman*, 173 Ill. 137, 50 N. E. 692; *Sargent* v. *St. Mary's Orphan Boys' Asylum*, 190 N. Y. 394, 83 N. E. 38; *Fidelity & Deposit*

*Co.* v. *Walker,* 158 Ala. 129, 48 South. 600; *State* v. *Taylor,* 67 W. Va. 585, 68 S. E. 379; *Salmon* v. *Salmon,* 13 Ala. App. 510, 69 South. 304; *Webb* v. *Beal,* 20 N. M. 218, 148 Pac. 487; *State ex rel. Lambert* v. *Armentrout,* 77 W. Va. 198, 87 S. E. 182; 22 Cyc. 1058.)  Where money is withheld, interest is recoverable. Cyc. declares the rule to be as follows: "Where a person is enjoined from paying over money in his hands, legal rate of interest during the period of detention may be recovered as damage." (22 Cyc. 1058; *Heyman* v. *Landers,* 12 Cal. 107; *North Star Boot etc. Co.* v. *Stebbins,* 3 S. D. 540, 54 N. W. 593; *Albers Commission Co.* v. *Spencer,* 236 Mo. 608, Ann. Cas. 1912D, 705, 139 S. W. 321.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1907, John H. O'Meara and John Kerrigan commenced an action in the district court of Silver Bow county against Peter T. McDermott and Annie C. McDermott, his wife, for an accounting and an injunction pending the determination of the suit. The plaintiffs alleged that they were copartners with Peter T. McDermott in the sale of the Burke and Balaklava mining claims; that the copartners had secured from the owner of the claims the right to sell them for a price which would net the owner $275,000; that any excess over that amount should belong to them as commission for making the sale; that they sold the claims for $400,000; that McDermott collected $10,000 of the commission and refused to account for any part thereof, except $700 paid to O'Meara; that he had transferred the remaining $9,300 to his wife, and, assuming to own in his own right the remaining $115,000 still due, had assigned his claim to it to his wife—all with the intent to defraud O'Meara and Kerrigan. An order to show cause was issued and on the return thereof, and after a hearing, an injunction issued which restrained the McDermotts from receiving or collecting to exceed one-half of the commission remaining unpaid "until after the final determination" of the case.  In order to secure the injunction, the

plaintiffs gave a statutory bond in the sum of $10,000, with the American Bonding Company as surety. On February 8, 1908, the cause was tried upon the merits, resulting in findings to the effect that O'Meara and Kerrigan were not copartners with McDermott in the sale of the mining claims and that they were not entitled to an injunction or to any other relief. A judgment was rendered and entered in favor of the McDermotts, and the injunction, which had been in effect from July 30, 1907, was dissolved. Thereafter this action was commenced by the McDermotts to recover damages alleged to have been suffered by them by reason of the injunction. The items constituting the damages claimed are: Attorney's fees, $5,000; interest on the money impounded, $2,396; court costs and witness fees, $153.10; and certain other expenses not material now. The trial court found in favor of plaintiffs for $2,500, the amount paid for attorney's fees, and against them upon each of the other items, and judgment was entered accordingly. Both parties have appealed.

The bonding company complains of the award made for attorney's fees, and the McDermotts complain of the action of the court in denying recovery upon the other items of damages enumerated in their complaint.

The bond required before an injunction issues must provide "that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto." (Sec. 6646, Rev. Codes.)

The measure of damages in an action on the injunction bond [1] is the amount which will compensate for all the detriment proximately caused by the injunction during the time it is operative, or which in the ordinary course of things, would be likely to result therefrom. (Sec. 6048, Rev. Codes; 14 R. C. L. 482.) The controversy presented by these appeals arises out of the application of these principles to the facts of this particular case.

1. *Attorney's Fees.*—It is the general rule in this jurisdiction, [2] and in most of the states, that attorney's fees paid or contracted to be paid in securing the dissolution of an injunction are recoverable as damages in an action on the injunction bond. Counsel for both parties apparently rely upon the former decisions of this court to sustain their respective contentions. The cases referred to establish these principles:

(a) If the injunction was the only relief sought in the original action, the attorney's fees paid, or contracted to be paid, are recoverable, and it is immaterial whether the injunction was dissolved upon motion or upon a final determination of the case on the merits. (*Miles* v. *Edwards,* 6 Mont. 180, 9 Pac. 814; *Creek* v. *McManus,* 13 Mont. 152, 32 Pac. 675.)

(b) If relief other than the injunction was sought in the original action, and the injunction was not dissolved until the trial of the cause on the merits, then to authorize recovery the party seeking such relief must show that the attorney's fees were paid, or contracted to be paid, for the special service of securing such dissolution, as distinguished from services rendered in the general management of the case on its merits or other branches thereof. (*Campbell* v. *Metcalf,* 1 Mont. 378; *Allport* v. *Kelley,* 2 Mont. 343; *Creek* v. *McManus,* 17 Mont. 445, 43 Pac. 497.)

(c) If relief other than injunction was sought in the original action and the injunction was dissolved on motion prior to the trial on the merits, but the fees paid or contracted to be paid counsel were for his services in the case generally, no recovery of such fees can be had in an action on the injunction bond. In other words, to warrant recovery there must be a segregation of the fees paid for securing the dissolution, from the fees paid for the other services rendered in connection with the case. (*Campbell* v. *Metcalf,* above; *Parker* v. *Bond,* 5 Mont. 1, 1 Pac. 209.)

We think it should be held upon principle that attorney's fees paid, or contracted to be paid, for services rendered in procuring the dissolution of an injunction, are to be limited to compensation for such services as are rendered before a hearing

of the cause on the merits, except (1) in a case where a trial of the merits is the only available means of testing plaintiff's right to the injunction, and (2) in a case where timely motion to dissolve has been made but in the discretion of the court a decision of the motion is withheld until the conclusion of the trial of the merits. (*Andrews* v. *Glenville Woolen Co.*, 50 N. Y. 282; 2 High on Injunctions, sec. 1687.)

The general language employed in *Plymouth Gold Min. Co.* v. *United States Fidelity & Guaranty Co.*, 35 Mont. 23, 10 Ann. Cas. 951, 88 Pac. 565, is to be understood in the light of the facts presented by that case, and, when so understood, is not inconsistent with any of the rules announced above.

The record discloses that, immediately after the case of *O'Meara et al.* v. *McDermott et al.*, was instituted and the order to show cause was served upon him, Peter T. McDermott employed Jesse B. Roote to act as attorney generally for the defendants in that case. Later he employed John J. McHatton "for the purpose of defeating any injunction that might be obtained in the case," and paid him $2,500 for the services rendered. It is for the compensation paid Judge McHatton that plaintiffs now seek recovery.

There is not any substantial conflict in the evidence. Judge McHatton testified that he was employed for the special purpose of securing a dissolution of the injunction and that his efforts were directed to that end exclusively. The injunction was issued [3] after notice and a hearing, and was dissolved at the conclusion of the trial of the cause on the merits. Counsel for the bonding company lay stress upon the facts that a motion to dissolve prior to trial was not made; that Judge McHatton took an active part in the trial on the merits, and that there is not any segregation of the fees paid him for his services in securing the dissolution, from the fees paid him for his services at the trial. In this argument counsel overlook a controlling consideration. As observed above, the injunction was issued after notice and a hearing, and in such case a motion to dissolve prior to trial of the merits is a proceeding altogether unauthorized. It is only

in case the injunction issues without notice that the party enjoined may move for dissolution before a trial of the merits. This rule is general and applies whether injunction was or was not the only relief sought. (Sec. 6650, Rev. Codes; *Curtiss* v. *Bachman,* 110 Cal. 433, 52 Am. St. Rep. 111, 42 Pac. 910.) If there is any exception whatever to the rule thus broadly stated, it is not involved in this case. (*Butte Con. M. Co.* v. *Frank,* 24 Mont. 506, 62 Pac. 923.)

If the injunction secured by O'Meara and Kerrigan had been dissolved on motion prior to the trial of the case on the merits, the reasonable compensation paid by the McDermotts for the special services rendered by their attorney in securing the dissolution would be recoverable by them in an action on the injunction bond. (*Montgomery* v. *Gilbert,* 24 Mont. 121, 60 Pac. 1038.) They did not proceed by motion to dissolve because that remedy was not available to them; they did, however, pursue the only course recognized by the law to rid themselves of the restrictions imposed by the injunction, *viz.,* to defeat the injunction by evidence that a partnership between O'Meara and Kerrigan and McDermott never existed, and, since they employed counsel for the special purpose of defeating the injunction and were successful, the reasonable compensation paid for the services was the natural and proximate result of the wrongful issuance of the injunction and is recoverable in an action on the bond, and it is immaterial that the same evidence which defeated the injunction also served to defeat the action on the merits.

Since, under the circumstances of this case, a motion to [4] dissolve before the trial of the merits was not a proceeding authorized by law, the final decision of the court referred to in section 6646, above, was the decision made when the trial of the case was concluded and the injunction was dissolved. (*Nielson* v. *City of Albert Lea,* 87 Minn. 285, 91 N. W. 1113.)

The trial court did not err in its finding upon this branch of the case.

2. *Interest.*—It is the contention of appellant Peter T. McDermott that he alone had the contract for the sale of the mining

claims; that he made the sale by his own efforts and the efforts of others employed by him; and that he was entitled to receive the entire commission amounting to $125,000. He testified to these facts, and there is not any evidence to the contrary. Certain evidence given upon the trial of the injunction suit by the owner of the mining claims, and which tended to contradict the testimony of McDermott, was offered upon the trial of this case, but was excluded, and no error is predicated upon the trial court's ruling.

At the time the injunction issued $115,000 of the commission had not been paid. The direct effect of the injunction was to prevent the McDermotts, or either of them, from receiving or collecting one-half of this amount until after the case was finally determined and the injunction was dissolved. The purchase price of the property was to be paid in three installments. Out of the first, McDermott retained the $10,000 heretofore mentioned; but the evidence does not disclose with any reasonable degree of certainty what, if any, portion of the second installment might have been applied rightfully to the commission account. However, under any view of the case, the entire $115,000 would be due and collectible not later than September 15, 1907, when the last installment was paid.

Whenever the direct and proximate effect of an injunction, [5] wrongfully issued, is to deprive the party enjoined of the use of money which belongs to him, interest thereon at the legal rate, for the time the money is impounded, may be recovered by way of damages in an action on the injunction bond. The bare statement of the rule ought to be a sufficient demonstration of its correctness. The authorities in support of it are quite uniform. (1 Beach on Injunctions, sec. 196; 2 Sutherland on Damages, 4th ed., sec. 527; 22 Cyc. 1058; *Oelrichs* v. *Spain,* 15 Wall. 211, 21 L. Ed. 43.)

In the view of the case most favorable to the bonding company, these plaintiffs are entitled to recover interest on $57,500 from September 15, 1907, to February 8, 1908, at eight per cent per annum, amounting to $1,827.20.

3. *Court Costs and Witness Fees.*—In defeating the injunction suit and securing a dissolution of the injunction, the Mc-Dermotts expended $153.10 for court costs and witness fees. [6] Since these expenses were necessarily incurred in pursuing the only available remedy for ridding themselves of the injunction, the expenditure of them should be held to have resulted directly from the wrongful issuance of the injunction, and, in refusing to recognize the amount as a recoverable item of damages, the court below erred. (*Youngs* v. *McDonald,* 56 App. Div. 14, 67 N. Y. Supp. 375; 22 Cyc. 1056.)

4. The evidence is not sufficient to warrant a finding in favor of plaintiffs for either of the other two items claimed.

The cause is remanded to the district court, with directions to modify the judgment in favor of plaintiffs and against the defendant bonding company, by increasing the amount thereof to $4,480.30 as of date May 17, 1916, and as thus modified it will stand affirmed. Pursuant to stipulation contained in the record, the plaintiffs in this action will recover their costs of appeal.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE COOPER concur.

