WINNETT PACIFIC OIL CO., RESPONDENT, *v.* WILSON,
APPELLANT.

(No. 5,573.)

(Submitted September 8, 1924. Decided September 15, 1924.)

[229 Pac. 850.]

*Injunctions Pendente Lite — Order Granted upon Notice —
Modification not Permissible—Statutes Adopted from Other
States—Construction.*

Injunction *Pendente Lite*—When Modification not Permissible.
  1.   A temporary restraining order granted upon notice and after
  a hearing may not, in the absence of a showing of inadvertence,
  mistake or change in existing circumstances or of a provision in
  the order preserving to the party enjoined the privilege of moving
  for a modification, be modified thereafter pending trial of the
  cause on its merits.
Statutes—Adoption from Other States—Construction.
  2.   A statute adopted from another state after construction by its
  highest court will be presumed to have been adopted with such con-
  struction as a part of the Act itself.

*Appeal from District Court, Fergus County; Rudolf Von
Tobel, Judge.*

ACTION by the Winnett Pacific Oil Company against Dan
Wilson. From an order modifying a temporary injunction,
defendant appeals. Reversed.

Cause submitted on brief of Appellant.

*Mr. Ralph J. Anderson* and *Mr. R. H. Wiedman,* for Ap-
pellant.

MR. JUSTICE RANKIN delivered the opinion of the court.

This is an appeal from an order modifying a temporary in-
junction. The action was brought by the plaintiff, Winnett
Pacific Oil Company, to cancel a contract which it had made

1. Modification or suspension of preliminary injunction before
trial, see note in **Ann. Cas.** 1916E, 205.

with the defendant, Dan Wilson, to drill a well for oil. After issue had been joined, the defendant gave notice and applied for a temporary injunction to restrain plaintiff, among other things, from removing its property from the drilling premises. A hearing was had upon an order to show cause, at which both parties appeared and presented proof, and thereupon the trial court made an order restraining the plaintiff "from removing or in any manner encumbering the assets of plaintiff corporation until the above-entitled action is fully disposed of, and such judgment as the defendant may recover shall be satisfied."

Plaintiff thereafter applied to the district court for a modification of the restraining order, and asked that it be permitted to "move the derrick from its present location to another point on the same premises and to occupy the bunk-houses or temporary dwellings." The application was based upon the files and records of the case and upon the testimony adduced on the hearing of the order to show cause why the injunction *pendente lite* should not be granted. No showing was made of any change in circumstances since the granting of the injunction and no additional evidence was presented to the trial court. The court, however, ordered the temporary injunction modified substantially in accordance with plaintiff's request. It is from this order that the present appeal is prosecuted.

It is the contention of the appellant that it was error for [1] the court to modify the restraining order granted upon notice and after hearing. The law applicable to the case has already been declared by this court in the case of *Butte Consolidated Mining Co.* v. *Frank,* 24 Mont. 506, 62 Pac. 923, *McDermott* v. *American Bonding Co.,* 56 Mont. 1, 179 Pac. 828, and *State ex rel. Hickey* v. *District Court,* 23 Mont. 564, 59 Pac. 917.

In the early case of *Butte Consolidated Mining Co.* v. *Frank, supra,* where the identical statutory provision was under consideration, it was said by Mr. Justice Pigott: "Sections 870 to 881, inclusive, of the Code of Civil Procedure (1895), are

devoted to the subject of injunction. In none of these sections is it provided that a temporary injunction order granted with notice may be dissolved or modified by the district court or its judge. Sections 878 and 879 provide that, if an injunction order be granted without notice, the defendant may move a dissolution or modification thereof, and that the court may dissolve or modify such an injunction order—the manifest implication of these sections being that, unless authority therefor exist elsewhere in the law, an application for the dissolution or modification of an injunction granted upon notice will not lie, and that an injunction order so granted must stand so far as the power of the district court is concerned, until the cause in which it was granted is tried."

The rule as announced above was adhered to by this court in the case of *McDermott* v. *American Bonding Co., supra,* wherein it was said: "As observed above, the injunction was issued after notice and a hearing, and in such case a motion to dissolve, prior to trial of the merits, is a proceeding altogether unauthorized. It is only in case the injunction issues without notice that the party enjoined may move for dissolution before a trial of the merits. This rule is general and applies whether injunction was or was not the only relief sought. (Sec. 6650, Rev. Codes (1907); *Curtiss* v. *Bachman,* 110 Cal. 433, 52 Am. St. Rep. 111, 42 Pac. 910.) If there is any exception whatever to the rule thus broadly stated, it is not involved in this case. (*Butte Con. M. Co.* v. *Frank,* 24 Mont. 506, 62 Pac. 923.)"

In our opinion, the court had no power to modify its injunction which had been granted upon notice. Section 9250, Revised Codes of 1921, provides: "If an injunction order be granted without notice, the defendant, at any time before the trial, may apply, upon reasonable notice, or upon order to show cause returnable at a specified time or forthwith after service thereof, to the judge who granted the injunction order, or to the court in which the action is brought, to dissolve or modify the same. *  *  *  "

It will be observed that the foregoing statutory provision as to dissolving or modifying injunction orders is limited by the words of the section to those granted without notice. It was adopted from California and is substantially the same as section 532 of the Code of Civil Procedure of that state. In interpreting that section the supreme court of California, in *Natoma Water Co.* v. *Clarkin*, 14 Cal. 544, said: "By the statute, the right to a temporary injunction pending the action is considered as adjudicated by the decision at the hearing upon the order to show cause. The remedy of the defendants in such case, when the right to apply for dissolution upon the filing of the answer is not expressly reserved, is by appeal. The privilege of moving for dissolution, upon the filing of the answer, is limited to cases where the injunction is originally granted without notice to the adverse party." California has adhered consistently to this rule. (*Natoma Water Co.* v. *Clarkin, supra; Hicks* v. *Michael*, 15 Cal. 107, 117; *Natoma Water Co.* v. *Parker*, 16 Cal., 83; *Creanor* v. *Nelson*, 23 Cal. 465; *Holtum* v. *Greif*, 144 Cal. 524, 78 Pac. 11; *Ots* v. *Superior Court*, 10 Cal. App. 168, 101 Pac. 431; *United Railroads of San Francisco* v. *Superior Court*, 170 Cal. 755, Ann. Cas. 1916E, 199, 151 Pac. 129.)

Inasmuch as we borrowed section 9250 from California after **[2]** it had received this construction by the highest court of that state, it is to be presumed that our legislature adopted the construction as a part of the law itself. (*Mares* v. *Mares*, 60 Mont. 36, 199 Pac. 267; *State ex rel Murray* v. *Walker*, 64 Mont. 215, 226, 210 Pac. 90.)

Section 9250 is silent concerning injunctions upon notice, and evidently it was not intended that the court could modify at will its order, after notice and hearing, in the absence of any showing of inadvertence, mistake or change in existing conditions. If plaintiff was dissatisfied with the order of the trial court granting the injunction *pendente lite* it could have appealed and tested its merits. There must be an end to litigation and it is apparent that the legislature intended to devise

a plan by which the status of the parties, pending a trial and decision upon the merits, might be finally fixed and determined in so far as trial courts are concerned.

There was no provision in the order for preserving to the plaintiff the privilege of moving for a modification, and without it, under the facts presented in the record, the court was impotent to modify the injunction.

The order is reversed.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.