## 16503

### EPPS v. BRYANT *ET AL.*
(65 S. E. (2d) 112)

*Mr. James Hugh McFaddin,* of Manning, *for Appellant,*

*Messrs. DuRant & DuRant* and *John G. Dinkins,* of Manning, *for Respondents,*

May 16, 1951.

Oxner, Justice.

This action was brought to enjoin defendants from trespassing on certain lands in Clarendon County claimed by plaintiff, and for the recovery of damages. The case is here on appeal by plaintiff from an order increasing the amount of the undertaking required by the Court in granting plaintiff a temporary injunction. A proper understanding of the questions involved necessitates a review of the proceedings leading up to this order.

Upon the *ex parte* application of the plaintiff, Judge Eatmon, resident Judge of the Third Circuit, on the verified complaint; issued a temporary injunction on March 4, 1950, but inadvertently failed to require plaintiff to file an undertaking. Thereafter defendants moved to set aside said order upon several grounds, one of which was that Judge Eatmon did not require the plaintiff to file a bond or undertaking in compliance with Section 570 of the 1942 Code. This motion was heard by Judge Griffith, then presiding in the Third

Circuit, who, on March 30, 1950, after considering the pleadings and various affidavits submitted by the parties, issued an order continuing in force the temporary injunction issued by Judge Eatmon "until the trial of this case on the merits", provided the plaintiff within five days executed an undertaking in the sum of $1,000.00, with sufficient surety to be approved by the Clerk of Court. The undertaking mentioned was timely filed.

The defendants in due course appeared to this Court from the order of Judge Griffith. The appeal was heard at the October, 1950, term and on December 27, 1950, an opinion was filed affirming the order of Judge Griffith. *Epps v. Bryant*, 218 S. C. 359, 62 S. E. (2d) 832. It was held that Judge Eatmon had no power to dispense with the undertaking required by Section 570 but that his failure to require same was not a jurisdictional defect, and that Judge Griffith followed the correct practice in requiring the plaintiff to give a proper undertaking.

While this Court had under advisement the appeal from the order of Judge Griffith, Judge Littlejohn, then presiding in the Third Circuit, on motion of defendants, issued an order on October 26, 1950, requiring the plaintiff to file within ten days an additional undertaking in the sum of $500.00 and providing that if he failed to do so, the temporary injunction theretofore issued should be dissolved. In other words, while the appeal was pending in this Court, Judge Littlejohn modified Judge Griffith's order by increasing the required undertaking from $1,000.00 to $1,500.00. The only reason assigned for this action was that the case had to be continued at the October, 1950 term of the Court of Common Pleas for Clarendon County because the plaintiff had been permitted by the Court to amend his complaint by adding additional parties defendant, and could not be tried before the March, 1951, term.

The case is now before us on appeal by plaintiff from the order of Judge Littlejohn. It is contended (1) that Judge

Littlejohn had no jurisdiction to modify or revise Judge Griffith's order while an appeal from that order was pending in this Court, and (2) that even if the Court had jurisdiction, the showing was entirely insufficient to warrant increasing the amount of the injunction bond.

We think it is clear that Judge Littlejohn had no jurisdiction to modify the order of Judge Griffith. The appeal stayed any further action in the Court below relating to said order. *Alston v. Limehouse*, 61 S. C. 1, 39 S. E. 192; *Steele v. Atlantic Coast Line Railway Co.*, 96 S. C. 460, 81 S. E. 144. Any other view would result in hopeless confusion. The correct practice in a matter of this kind is clearly and succinctly stated in the case of *McDonald v. Palmetto Theaters*, 196 S. C. 38, 11 S. E. (2d) 444. There was no effort in the instant case to follow the procedure there laid down.

It follows that the order of Judge Littlejohn is null and void. This conclusion renders it unnecessary to pass upon the contention of the plaintiff that the showing was insufficient to warrant an increase in the amount of the undertaking required by Judge Griffith. However, since this question has been fully argued in the briefs and will probably later arise, we shall proceed to decide it.

Section 573 of the 1942 Code provides, in substance, that if an injunction be granted by the Court without notice, the defendant at any time before trial may move to vacate or modify same. We think undoubtedly this section authorizes a judge to increase the amount of an undertaking fixed in an injunction order granted on an *ex parte* application, upon a proper showing that said amount is inadequate for the protection of the defendant. But can the amount of the bond be increased where it has been fixed by the Court after due notice and a hearing? And, if so, under what circumstances? In some states such authority is conferred upon the courts by statute. 28 Am. Jur., Injunctions, Section 263, page 439. Also, see 43 C. J. S., Injunctions,

§§ 231 and 236. We have no such statute. The manifest implication of Section 573 is that an injunction order granted after due notice and a hearing must ordinarily stand, so far as the power of the Circuit Court is concerned, until the cause is tried. It was held in *Jordan v. Wilson*, 69 S. C. 52, 48 S. E. 37, 38, that a Circuit Judge cannot review his own order granting a temporary injunction made after notice and a full hearing by both sides, except perhaps in "some extraordinary emergency, subsequently arising". Stated differently, the Court concluded that the remedy of a disappointed litigant in the case of a temporary injunction granted after a full hearing was by way of appeal. Also, see *Tallevast v. Kaminski*, 146 S. C. 225, 143 S. E. 796. In *Winnett Pacific Oil Co. v. Wilson*, 71 Mont. 250, 229 P. 850, 851, the Court in construing a Montana statute very similar to Section 573 of our Code, said "Section 9250 is silent concerning injunctions upon notice, and evidently it was not intended that the court could modify at will its order, after notice and hearing, in the absence of any showing of inadvertence, mistake, or change in existing conditions. If plaintiff was dissatisfied with the order of the trial court granting the injunction pendente lite it could have appealed and tested its merits. There must be an end to litigation and it is apparent that the Legislature intended to devise a plan by which the status of the parties, pending a trial and decision upon the merits, might be finally fixed and determined in so far as trial courts are concerned."

Considering the order of Judge Littlejohn on the merits, we do not think he was empowered to increase the amount of the bond fixed by Judge Griffith in the absence of a showing of a material change in conditions or that unusual and unforeseen circumstances had developed since the issuance of said order. Certainly the fact that it was necessary to continue the case for one term of Court was insufficient to justify an increase in the amount of the bond.

The order appealed from is reversed.

Baker, C. J., and Fishburne and Taylor, JJ., concur.

Stukes, J., not participating.